UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff,

v.

CAYMAN ARTS, INC., a Florida corporation
and SCOTT R. STEELE, an individual,

    Defendants.
_____/

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS'
RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, CARY CHEN ("Mr. Chen"), by and through undersigned counsel and pursuant to *Fed.R.Civ.P.* 56 and S.D. Fla. L.R. 7.5, respectfully submits his Reply to Defendants' Response to Mr. Chen's Motion for Partial Summary Judgment, and states as follows:

**I.   The Federal Copyright Act Does Not Preempt Mr. Chen's Challenge To The Validity of the Trademark Agreement Under Florida Law.**

As an initial matter, Defendants concede that the validity and enforceability of the parties' May 31, 2005 Trademark and Product License Agreement ("the Trademark Agreement) is at the very core of the parties' dispute in this case.

In response to Mr. Chen's *prima facie* showing that Defendants' claim to a portion of Mr. Chen's future income constitutes an invalid restraint on trade in violation of Section 542.335, Florida Statutes, Defendants argue that they are not seeking to prevent Mr. Chen from continuing his employment as an artist, but are instead enforcing their alleged contractual right to receive a royalty on "all products, renderings and images that are created, manufactured or rendered" by

Mr. Chen "<u>now or in the future</u>." *See* Trademark Agreement, pg. 2, ¶¶ 6, 6.5. Defendant contend that this so-called "royalty provision" of the Trademark Agreement is valid and enforceable under the Federal Copyright Act, 17 U.S.C. §§101, *et. seq.* ("the Copyright Act"), and that Mr. Chen's reliance upon Section 542.335, Florida Statutes, is preempted by the Copyright Act. Defendants are wrong as a matter of law for a multitude of reasons.

    A.    <u>Defendants Have Not and Cannot Establish That The Copyright Act or Any of Its Provisions Apply to Mr. Chen's Future, Non-Fixed Works of Art.</u>

In order to demonstrate the application of the Copyright Act to the Trademark Agreement, Defendants must first demonstrate their ownership of copyrights in existing works. Ironically, while Defendants belittle Mr. Chen for relying upon Florida statutory law, a cursory review of the law and facts demonstrates that Defendants cannot meet this burden and that they are the ones attempting to drive a square peg into a round hole, not vice-versa.

The unambiguous language of the Copyright Act confirms that neither the Act nor any of its provisions apply to Mr. Chen's future, non-fixed and non-existing images and works of art. To the contrary, Section 102(a) – entitled "Subject matter of copyright" – provides that:

> (a) Copyright protection subsists, in accordance with this title, **in original works of authorship fixed in any tangible medium of expression**, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

17 U.S.C. §102(a) (emphasis added). Similarly, Section 101 of Copyright Act ("Definitions") defines when a work becomes "fixed" for the purpose of triggering ownership under the Act:

> A work is "fixed" <u>in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration</u>. A work consisting of sounds, images, or both, that are being transmitted, is "fixed" for purposes of this title if a fixation of the work is being made simultaneously with its transmission.

Copyright Act, §101 ("Definitions") (emphasis added).  Courts have necessarily refused to apply the Copyright Act for failure to satisfy this threshold requirement of fixation. *See, e.g., Hoopla Sports and Entertainment, Inc. v. Nike, Inc.*, 947 F. Supp. 347 (N.D. Ill.1996) (holding that even if basketball games were copyrightable, organizer of basketball game failed to comply with requisites to copyright the game, where game was not fixed in tangible medium of expression).

If there were any doubt that the intent of Congress was to limit the provisions of the Copyright Act to existing, fixed works, that doubt is erased by the following legislative history of the Act reflected in the Notes of the Committee on the Judiciary:

> Original Works of Authorship. The two fundamental criteria of copyright protection--originality and <u>fixation in tangible form</u> are restated in the first sentence of this cornerstone provision. The phrase "original works of authorship," which is purposely left undefined, is intended to incorporate without change the standard of originality established by the courts under the present copyright statute. This standard does not include requirements of novelty, ingenuity, or esthetic merit, and there is no intention to enlarge the standard of copyright protection to require them.
>
> Fixation in Tangible Form. <u>As a basic condition of copyright protection, the bill perpetuates the existing requirement that a work be fixed in a "tangible medium of expression,"</u> and adds that this medium may be one "now known or later developed," and that the fixation is sufficient if the work "can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."

Notes of the Committee on the Judiciary, House Report No. 94-1476 (emphasis added).

The Committee further opined that:

> Under the bill, the concept of fixation is important since it not only determines whether the provisions of the statute apply to a work, <u>but it also represents the dividing line between common law and statutory protection</u>. As will be noted in more detail in connection with section 301 [section 301 of this title], an unfixed work of authorship, such as an improvisation or an unrecorded choreographic work, performance, or broadcast, <u>would continue to be subject to protection under</u>

<u>State common law or statute, but would not be eligible for Federal statutory protection under section 102 [this section].</u>

*Id.* (emphasis added). As discussed further below, the requirement of fixation is critical because it makes clear that rights relating to certain works are not preempted by the Copyright Act and may – as is the case in this action – be subject to scrutiny under state law.

In contrast to the absolute requirement that a work be fixed in a tangible medium, the Act explicitly states that "[i]n no case does copyright protection for an original work of authorship <u>extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery</u>, regardless of the form in which it is described, explained, illustrated, or embodied in such work." Copyright Act, §102. As the Eleventh Circuit has held time and again, "[c]opyright protects original expression only; it does not extend to any underlying ideas, procedures, processes, and systems." *Peter Letterese and Associates, Inc. v. World Institute of Scientology Enterprises, Int'l*, 533 F.3d 1287 (11th Cir. 2008) (*citing* 17 U.S.C.A. § 102(b)); *see also BUC Intern. Corp. v. International Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2007) (noting that while the Copyright Act protects original expression, this protection does not extend to any underlying facts or ideas); *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, (5th Cir. 1994) (noting that copyright law protects tangible, original expressions of ideas, not ideas themselves).

It is therefore inconceivable how Defendants can claim any ownership rights to future, non-existing images and works of art by Mr. Chen that were not previously fixed in a tangible medium during the course of Mr. Chen's purported employment with Defendants. It is patently obvious that what Defendants are actually seeking is copyright protection of Mr. Chen's "ideas, expressions and processes" relating to future works of art that he may create or fix in a tangible medium on behalf of himself, on commission and/or on behalf of a future employer. Given the

4

plain language of the Act, Defendants have asserted ownership rights under the Copyright Act as to Mr. Chen's future images and works of art in bad faith in a transparent effort to confuse the Court and evade scrutiny of the Trademark Agreement under Section 542.335, Florida Statutes.

Indeed, Defendants are essentially inviting this Court to cavalierly disregard the express, unambiguous requirements of the Copyright Act by arguing that it applies to future, non-fixed and non-existing images and works of art that are not and will not be created during the course of Mr. Chen's purported employment with Defendants. Defendants' Response does not cite to any provision of the Copyright Act, any caselaw, or other legal authority that remotely supports their illicit construction of the Act. Instead, the sole "authorities" offered by Defendants in support of their argument are a three-page law review article and undisclosed "expert testimony."[1]

Incredibly, in the very article relied upon Defendants, the author concedes, as she must, that in any contract granting a transfer or license of a copyright under the Copyright Act, "if the work does not exist at the time the agreement is entered into, there is no 'grant of a transfer or license of copyright', <u>because there is as yet no copyright whose transfer or license can form the subject matter of the grant. Under the 1976 Act, the federal copyright "subsists" with the creation and fixation of the work. The copyright does not pre-exist the creation of the work.</u>"

---

[1] Defendants' stated intent to establish their purported rights to Mr. Chen's future, non-fixed works via expert testimony is wholly improper. "[E]very circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *See, e.g., In re Initial Public Offering Sec. Lit.*, 174 F. Supp. 2d 61, 64-65 (S.D.N.Y. 2001) (further holding that "the rule prohibiting experts from providing their legal opinions or conclusions is 'so well established that it is often deemed a basic premise or assumption of the evidence law – a kind of axiomatic principle.' . . . Legal citation belongs in parties' briefs, not in experts' opinions); *see also Adalman v. Baker, Watta & Co.*, 807 F.2d 359, 368 (4th Cir. 1986) (excluding a securities lawyer as an expert where he was offered "as an expert witness on the meaning and applicability of the securities laws to the transactions here, giving his expert opinion on the governing law").

*See* "The sole right . . . shall return to the Authors: Part III: Transitional Issues," Prof. Ginsburg, Columbia University School of Law, April 14, 2010 (emphasis supplied as indicated).  In short, the Defendants' own so-called authority directly refutes their claim under the Copyright Act to a 20-year license and ownership as to Mr. Chen's future, non-fixed images and works of art.

B. <u>The Copyright Act Does Not Preempt Section 542.335 With Respect To Mr. Chen's Future, Non-Fixed Works of Art and Any Income Derived Therefrom.</u>

Given the undisputable fact that Defendants cannot assert any copyright ownership of or rights to Mr. Chen's future works, the Copyright Act does not preempt the application of Section 542.335, Florida Statutes, to the so-called "royalty provision" in Section 6.5 of the Trademark Agreement that Defendants seek to enforce against Mr. Chen in this action.

In fact, almost seventy years ago, the United States Supreme Court rejected a "preemption" argument similar to the one advanced by Defendants.  In *Watson v. Buck*, 61 S. Ct. 962 (1941), the Court held that the federal copyright laws in existence at the time did not deprive states – including specifically Florida – of their long-recognized power to regulate combinations in restraint of trade, and did not grant to copyright owners the privilege of violating otherwise valid state laws.  The *Watson* Court thus held that:

> We find nothing in the copyright laws which purports to grant to copyright owners the privilege of combining in violation of otherwise valid state or federal laws. We have, in fact, determined to the contrary with relation to other copyright privileges. . . . <u>We are pointed to nothing either in the language of the copyright laws or in the history of their enactment to indicate any congressional purpose to deprive the states, either in whole or in part, of their long-recognized power to regulate combinations in restraint of trade</u>.

*Id.* at 968-69 (emphasis added).

Consistent with the Supreme Court's teachings in *Watson*, the Copyright Act explicitly provides that state laws such as Section 542.335 are not preempted with respect to works that are

6

not subject to or protected by the Act.  The Copyright Act thus provides that nothing in the Act "annuls or limits any rights or remedies under the common law or statutes of any State" with respect to "subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, <u>including works of authorship not fixed in any tangible medium of expression</u>." 17 U.S.C. § 301 ("Preemption with respect to other laws") (emphasis added).

Defendants' "preemption" argument as to Mr. Chen's future, non-fixed images and works is therefore frivolous based on the Copyright Act's very own preemption provisions, and their attempts to effectively mislead the Court as to the applicable law should not go unnoticed.

      C.     <u>The "Royalty Clause" In Facially Invalid and Unenforceable As To Mr. Chen's Future, Non-existing Works.</u>

Defendants' Response is also notable in its glaring failure to even address, much less rebut, Mr. Chen's assertion that Defendants are statutorily barred from enforcing the so-called "royalty" provision that requires Mr. Chen to hand over a substantial portion of his future income to Cayman Arts' "directors" for the next 15 years.  Section 542.335(1)(f) explicitly provides that a person may only enforce a restrictive covenant as a third-party beneficiary where the covenant expressly identifies the person as a third-party beneficiary of the contract and expressly state that the restrictive covenant was intended for the benefit of that person.

Here, there is no need to conduct a trial on any alleged factual disputes concerning the reasonableness of this restrictive covenant or whether Defendants have a legitimate business interest supporting the provision, as Defendants urge in their Response.  Rather, it is readily apparent from the face of Section 6.5 of the Trademark Agreement that this provision does not expressly identify any third-party beneficiary to the contract and further fails to expressly state that the restrictive covenant was intended for the benefit of any alleged third-party beneficiary.

Assuming the Court determines that Section 6.5 of the Trademark Agreement operates as a restraint on trade and is subject to the protections of Section 542.335, this defect renders Section 6.5 facially invalid and unenforceable as a matter of law, and thus subject to summary judgment.

        D.      <u>Defendants' Have Not Established Any Rights Under the Copyright Act.</u>

It is also significant that Defendants have not even created a material issue of disputed fact as to whether the Copyright Act applies to Mr. Chen's existing works created while he was purportedly a Cayman Arts' employee.

Despite submitting a lengthy Declaration of Defendant Steele and supporting exhibits, Defendants have not even alleged, much less submitted any evidence, that they ever sought to register or apply for any copyright for any of Mr. Chen's images and works of art. *See, e.g., Green Bullion Financial Services, LLC v. Money4Gold Holdings, Inc.*, 639 F. Supp. 2d 1356 (S.D. Fla. 2009) (to prevail on a copyright claim, Plaintiff must initially prove ownership of a valid copyright). In fact, it is undisputed that during the entire course of Mr. Chen's employment Defendants never submitted or filed a single Certificate of Registration with the United States Copyright Office for any of Mr. Chen's existing works, and they thus have failed to demonstrate any material dispute over their alleged ownership of copyrighted works that would justify the application of the Copyright Act or preemption of Florida law, including Section 542.335.

        **II.**      **Mr. Chen Is Entitled To Summary Judgment On His Current Status As An Employee or Non-Employee of Cayman Arts.**

Defendants' assertion in their Response that there are disputed issues of material fact concerning Mr. Chen's continued status as a Cayman Arts employee is a complete red-herring.

Assuming *arguendo* that Mr. Chen was in fact an employee of Cayman Arts (which he obviously does not concede), there still can be no material dispute that he terminated his

8

employment as of September 11, 2009 and is no longer a Cayman Arts employee after that date. Defendant Steele admits that he received Mr. Chen's September 11, 2009 letter terminating his purported employment with Cayman Arts.  *See* Steele Declaration, ¶ 42.  Defendants apparently argue, however, that this resignation was ineffective because Mr. Chen allegedly did not comply with the technical requirement in the Employment Agreement that his notice be by certified mail.

The Defendants' continued assertion that Mr. Chen is essentially an "indentured servant" still subject to their control and that he must "specifically perform" his employment obligations to Cayman Arts is violative of both federal and Florida law.  Suffice it to say, the passage of the Thirteenth Amendment to the United States Constitution in 1865 officially abolished and continues to prohibit "slavery and involuntary servitude." Similarly, even assuming that Mr. Chen failed to give notice of his termination in the manner required by the Employment Agreement, his termination of employment was nevertheless effective.  As this Court has repeatedly held, under Florida law personal services contracts – such as the Employment Agreement at issue here – cannot be enforced by injunction or specific performance, which is exactly what Defendants seek to do in this case.  *See, e.g., Florida Panthers Hockey Club, Ltd. V. Miami Sports and Exhibition Authority*, 939 F. Supp. 855 (S.D. Fla. 1996).

Thus, even if Mr. Chen did fail to comply with the technical provisions requiring notice by certified mail, Defendants' sole remedy is a claim for any damages caused by the alleged breach of the notice provisions.[2]  Conversely, Defendants have not cited any authority for their

---

[2] It is also noteworthy that there is no allegation or evidence that Defendants have paid Mr. Chen a single dime in salary, expenses or other income since their receipt of his September 11, 2009 notice of termination.  Nor have Defendants alleged that they incurred any damages as a result of Mr. Chen's supposed failure to resign via certified mail.

assertion that Mr. Chen has somehow remained employed by Cayman Arts to this date, merely because the company disputes that he gave notice in the manner contemplated by the contract.

### III.   Mr. Chen's Motion for Partial Summary Judgment Is Not Premature.

Lastly, Defendants' assertion that the Motion is premature is simply part and parcel of their strategy to delay at all costs a declaration on the validity of the Trademark Agreement.

This action has been pending nine months and despite ample opportunity, Defendants and their counsel have not conducted a shred of discovery: they have not requested or taken a single deposition or served any requests for production, interrogatories or other written discovery. Defendants accordingly cannot claim they are in need of discovery in order to rebut Mr. Chen's Motion when it was Defendants' own lack of diligence that caused their alleged predicament. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018 (9th Cir. 2006) (affirming denial of deposition in opposition to summary judgment where it had not been conducted due to counsel's ineffective strategy or lack of diligence); *Flanders Medeiros, Inc. v. Bogosian*, (868 F. Supp. 412) (rule permitting parties additional time to gather facts in support of their opposition to summary judgment need not be employed to spare litigants from their own lack of diligence).

More to the point, no discovery is necessary for court to determine the facial validity of the "royalty provision". Defendants seek to delay a critical legal issue in this case which many very well dictate the future course of the action and the parties' positions going forward. Mr. Chen should not be held hostage by Defendants any further; he is entitled to a judicial determination now as to whether he can continue to pursue his career as an artist and whether he must handover to Defendants' unnamed directors upwards of 50% of any income derived from his artistic endeavors as the penalty for doing so.

10

                                                  Respectfully submitted,
                                                  FOWLER WHITE BURNETT, P.A.
                                                  901 Phillips Point West
                                                  777 South Flagler Drive
                                                  West Palm Beach, Florida 33401
                                                  Telephone:  (561) 802-9044
                                                  Facsimile:    (561) 802-9976
                                                  E-mail:  jbutler@fowler-white.com

                                                    s/Jonathan B. Butler
                                                  Jonathan B. Butler, Esquire
                                                  Florida Bar No. 56197

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

                                                    s/Jonathan B. Butler
                                                  Jonathan B. Butler

**SERVICE LIST**
Carey Chen v. Cayman Arts, et al.
CASE NO. 10-80236-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Robert N. Nicholson, Esq.
Florida Bar No. 933996
E-mail:  RNicholson@nicholsonlawgroup.com
NICHOLSON LAW GROUP, P.A.
200 South Andrews Avenue, Suite 100
Fort Lauderdale, FL 33301
Telephone:   (954) 351-7474
Facsimile:    (954) 351-7475
*Attorney for Defendants*
Served via CM/ECF

S. Tracy Long, Esq.
Florida Bar No. 0843008
E-mail:  tracy@nicholsonlawgroup.com
Of counsel to NICHOLSON LAW GROUP, P.A.
200 South Andrews Avenue, Suite 100
Fort Lauderdale, FL 33301
Telephone:  (954) 351-7474
Facsimile:  (954) 351-7475
*Attorney for Defendants*
Served via CM/ECF