UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff,

v.

CAYMAN ARTS, INC., a Florida corporation
and SCOTT R. STEELE, an individual,

    Defendant.

_____/

### ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Third-Party Defendants Fisher Blue Water Galleries, LLC ("Fisher"), Monique Comfort, and Gray Ingram's (collectively "Third-Party Defendants") Motion to Dismiss [DE 83]. The Court has considered the Motion, Defendant Cayman Arts, Inc.'s ("Cayman's") Response [DE 84], the Third-Party Defendants' Reply [DE 85], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On February 12, 2010, Plaintiff Carey Chen, a marine artist, brought this action for a variety of claims relating to his employment with Defendants Cayman and Cayman's President and Chief Executive Officer, Scott R. Steele. See Amended Complaint [DE 22]. On August 30, 2010, Cayman filed its Counterclaim [DE 51 at 1-15] against Mr. Chen and Third-Party Complaint [DE 51 at 16-27] against the Third-Party Defendants.[1] According to the Third-Party Complaint, on or about May 31, 2005,

---

[1] The Third-Party Defendants also include "John and Jane Doe, unknown entities." Countercl. and Third-Party Compl. at 1.

Cayman and Mr. Chen executed an Employment Agreement [DE 51-1],[2] an Addendum to Agreement [DE 51-2] ("Addendum"), and a Trademark and Product License Agreement [DE 51-3] ("Trademark Agreement"), (collectively "Agreements"). See Agreements. According to Cayman, the Agreements specify that Mr. Chen's artistic or creative endeavors belong exclusively to Cayman, Mr. Chen's employment is subject to a 20-year license, and Cayman owns all intellectual property rights for the works Mr. Chen created during the term of the Agreement. Third-Party Compl. ¶¶ 17-19. Mr. Chen and Cayman allegedly agreed that Mr. Chen would not take or use any business information that constituted trade secrets. Id. ¶ 20. Upon the end of Mr. Chen's employment, he was allegedly prohibited from contacting any of Cayman's customers, clients, or potential customers, and from soliciting for hire any Cayman employees, for three years. Id. ¶¶ 21-22.

> In the Third-Party Complaint, Cayman alleges that the Third-Party Defendants
>
> influenced Chen to attempt to terminate the Agreement[s] with Cayman, further influenced Chen to appropriate Cayman's confidential client list, pricing information, and other confidential information, utilized Cayman's confidential information to begin contacting, with Chen, Cayman's existing and potential customers and clients, in an effort to promote, market, offer for sale, and sell Chen's Works, and influenced Chen to allow them to promote, market, offer for sale, and sell Chen's Works, which were the object of the exclusive worldwide license with Cayman.
>
> Id. ¶ 29; see also id. ¶ 36. Cayman further contends that it acquired the common law trademark in Mr. Chen's work, id. ¶¶ 33-34, and held the exclusive worldwide license to

---

[2] The Employment Agreement attached to the Third-Party Complaint appears to be missing page 6. See Employment Agreement at 5-6. There is a page 6 included in the Employment Agreement attached as an exhibit to Mr. Chen's Complaint [DE 1 at 40] and Amended Complaint [DE 22-2 at 6], but this version of the Agreement is unsigned and includes an edit changing the date from "5/18/2005" to "7/26/2009." Otherwise, the unsigned Employment Agreement appears identical to the signed Employment Agreement attached to the Third-Party Complaint.

promote, market, offer for sale, or sell his work, id. ¶ 35.

Based on these allegations, Cayman's Third-Party Complaint brings three counts: tortious interference with contractual and business relationships (Count I); unfair competition/common law trademark infringement and common law copyright infringement (Count II); and theft of trade secrets (Count III). On January 14, 2011, The Third-Party Defendants filed their Motion to Dismiss for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss lies for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332. When a case involves additional claims forming part of the same case or controversy as those over which there is original jurisdiction, the court may assert supplemental jurisdiction over the additional claims. See 28 U.S.C. § 1367. The party seeking to litigate in federal court bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The instant case does not involve diversity of citizenship. Thus, the Court may only hear the case if there are questions of federal law and if the Court exercises supplemental jurisdiction over any remaining state law claims.

## III. ANALYSIS

The Third-Party Defendants argue that there is no subject matter jurisdiction because none of the counts in the Third-Party Complaint entails a federal cause of action, supplemental jurisdiction does not exist over the state law causes of action, and that even if supplemental jurisdiction does exist, the Court should decline to exercise supplemental jurisdiction. See Mot. As an initial matter, the Court notes that the Third-Party Defendants are correct that none of the counts in the Third-Party Complaint is a federal cause of action: tortious interference with contractual and business relationships, unfair competition/common law trademark infringement and common law copyright infringement, and theft of trade secrets are all state law claims. See Third-Party Compl. Yet, as discussed below, the Court finds that it does haves supplemental jurisdiction over these counts, and the Court will exercise this supplemental jurisdiction.

A district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties." 28 U.S.C. § 1367(a). There is original jurisdiction over the Fair Labor Standards Act ("FLSA") claim and Lanham Act claims in Mr. Chen's Amended Complaint because these are questions of federal law.[3] See Am. Compl. Counts II, V; see also 28 U.S.C. § 1331. The Court may therefore assert supplemental jurisdiction over the remaining claims as long as they "form part of the

---

[3] To the extent that Cayman suggests there is also original jurisdiction over Mr. Chen's declaratory judgment claim under 28 U.S.C. § 2201, see Resp. at 3, Cayman is incorrect. "[I]t is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-62 (11th Cir. 2008). Cayman has not demonstrated that there is original jurisdiction over the declaratory judgment count.

4

same case or controversy," 28 U.S.C. § 1367(a), as the Lanham Act and FLSA claims.

"In deciding whether a state law claim is part of the same case or controversy as a federal issue, [courts] look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996) (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1566 (11th Cir. 1994)). Both the Lanham Act claim and FLSA claim arise from Mr. Chen's employment arrangement with Cayman and the related Agreements. Specifically, the Lanham Act claim alleges that after Mr. Chen's attempt to resign from his employment with Cayman, Cayman used his name and picture, without authorization, in an attempt to mislead the public and gain a competitive advantage. See Am. Compl. ¶¶ 83-98. The FLSA claim includes overtime compensation allegations relating to the salary, payment, and hours terms in the Agreements. See id. ¶¶ 113-136. Similarly, the Third-Party Complaint claims involve allegations relating to the same Agreements and to the Third-Party Defendants' alleged interference with those Agreements in the course of Mr. Chen's purported resignation from Cayman. See Third-Party Compl. Furthermore, Cayman's Counterclaims against Mr. Chen allege that Mr. Chen worked with the Third-Party Defendants "to specifically circumvent the License, and render artistic works for the benefit of those entities," Countercl. ¶ 55. As Cayman notes, at issue in this case is whether the Third-Party Defendants "played a key role in Chen's decision to breach his employment and licensing agreements with Cayman, and proof related to this cause of action will likewise require inquiry into topics such as the nature, scope, and extent of Chen's relationship with the [Third-Party Defendants], and what role they played in assisting his breach." Resp. at 7. This is not a case where separate claims arising at different times from different factual scenarios

5

can be easily separated. See Carter v. City of Lake Mary, Case No. 605CV1137ORL31DAB, 2005 WL 2663507, at *1 (M.D. Fla. Oct. 19, 2005) (declining to exercise supplemental jurisdiction over two distinct sets of claims where "one claim ends where the other begins"). Rather, the Amended Complaint's claims, including the Lanham Act and FLSA claims, the Counterclaims, and the Third-Party Complaint claims arise from the same documentary and factual evidence, and will necessarily involve the same witnesses. Therefore, the Court finds that the claims in the Third-Party Complaint form part of the same case or controversy over the claims that fall under the Court's original jurisdiction. Thus, the Court has supplementary jurisdiction over the Third-Party Complaint. See 28 U.S.C. § 1367(a).

The Third-Party Defendants nevertheless suggest that the Court should decline to exercise supplemental jurisdiction based on considerations of judicial economy, convenience, and fairness to the litigants. Mot. at 6-8. A court can decline to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, the state law claims do raise certain complex issues, such as when a trademark or copyright is valid under Florida law, what qualifies as a trade secret, and what efforts are sufficient to maintain the secrecy of trade secrets in a claim for theft of trade secrets. Though there are a number of state law claims in the Third-Party Complaint, the Court is not convinced that these claims necessarily "substantially dominate" over the federal claims involved in this case. Furthermore, this is not a case

in which the federal claims have been dismissed, as the federal claims over which this Court has original jurisdiction are still pending. Finally, the Court finds no other compelling reason to decline to exercise supplemental jurisdiction.

Importantly, judicial economy and fairness to the litigants favor the resolution of all claims in one forum because the claims are so inextricably intertwined: at issue in the Amended Complaint, Counterclaim, and Third-Party Complaint are the validity of the Agreements, whether there has been a breach of the Agreements, and if so, who is responsible for those breaches. Accordingly, at this time, the Court will not decline to exercise supplemental jurisdiction over the state law claims in the Third-Party Complaint.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Third-Party Defendants Fisher Blue Water Galleries, LLC, Monique Comfort, and Gray Ingram's Motion to Dismiss [DE 83] is **DENIED**. The Third-Party Defendants shall respond to the Third-Party Complaint [DE 51] by no later than **February 25, 2011**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of February, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF