**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 10-CV-80236 COHN/SELTZER

CAREY CHEN,
    Plaintiff,
vs.

CAYMAN ARTS, INC., a Florida corporation,
and SCOTT R. STEELE, an individual
    Defendants,
_____/
CAYMAN ARTS, INC., a Florida corporation
    Counter-Plaintiff,
vs.

CAREY CHEN,
    Counter-Defendant,
_____/
CAYMAN ARTS, INC., a Florida corporation,
    Third-Party Plaintiff,
vs.

FISHER BLUE WATER GALLERIES, LLC, a
Florida limited liability company, MONIQUE
COMFORT, individually, GRAY INGRAM,
individually, and JOHN and JANE DOE,
unknown entities,
    Third-Party Defendants,
_____/

**MOTION TO STRIKE THIRD-PARTY**
**DEFENDANTS' (SECOND) MOTION TO DISMISS**

**I.    Introduction**

Third-Party Plaintiff, CAYMAN ARTS, INC. ("Cayman"), by and through undersigned counsel, and pursuant to Rule 7.1 of the S.D. Fla. L.R. and Rule 12 of the Fed. R. Civ. P., hereby respectfully moves this court to strike the Third-Party Defendants' s*econd* Rule 12 Motion to Dismiss [DE 91], and in support thereof states as follows:

1

On January 14, 2011, the Third-Party Defendants (*i.e.*, Fisher Blue Water Galleries, LLC, Monique Comfort, and Gray Ingram) filed their *first* Rule 12 Motion To Dismiss [DE 83], arguing that the Court lacked subject matter jurisdiction over the claims asserted in the Third-Party Complaint. *See generally* Rule 12(b)(1) (regarding lack of subject matter jurisdiction). On February 11, 2011, this Court entered an Order denying this Motion [DE 86] and directing that, "The Third-Party Defendants shall respond to the Third-Party Complaint [DE 51] no later than **February 25, 2011**." *Id.* (emphasis in original). The Third-Party Defendants thereafter failed to do so.

Therefore, approximately one week later, on March 2, 2011, the Third-Party Plaintiff filed a Motion for Default against the Third-Party Defendants [DE 88]. In response, on March 3, 2011, the Third-Party Defendants filed a Motion for Extension of Time to Respond, which was granted in part and denied in part by Order of this Court dated March 3, 2011. [DE 90].[1] This Order directed the Third-Party Defendants to "respond to the Third-Party Complaint [DE 51] by no later than March 4, 2011." *Id.*

Instead of filing an Answer, however, the Third-Party Defendants improperly filed yet *another* Rule 12 Motion To Dismiss [DE 91], this time arguing that the complaint improperly combined causes of action and failed to state a claim. The Third-Party Defendants' attempt to gain a second bite of the Rule12 apple was plainly and procedurally improper, and this second Motion To Dismiss should be stricken and a default entered in favor of Cayman Arts.

---

[1] Although dated March 3, 2011, the Order was entered on the docket on March 4, 2011.

## II. <u>Memorandum of Law</u>

### (a) Rule 12(g) Prohibits Successive Motions to Dismiss

Rule 12(g) of the Fed. R. Civ. Proc. unequivocally provides with respect to Rule 12 motions to dismiss:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. <u>Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.</u>

*See id.* (emphasis added). Thus, unless a 12(h)(2) or (3) exception applies (an issue discussed *infra* in section (b)), defendants are procedurally forbidden from filing successive Rule 12 motions in which they raise defenses or objections that were available to that defendant but omitted from their earlier motion, which is precisely the improper course of action taken here by the Third-Party Defendants.

Indeed, courts in the Eleventh Circuit have squarely interpreted Rule 12(g) to "specifically prohibit a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss . . ." *See Manns v. City of Atlanta*, 2006 U.S. Dist. LEXIS 63210, *13 (N.D. Ga. 2006) (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002)). In *Manns*, the Defendants filed successive Rule 12(b)(6) motions to dismiss. The Plaintiff responded by arguing that the filing of successive pre-answer motions to dismiss was improper and urging the court to "not even address the substantive issues raised in Defendants' second motion to dismiss because Defendants did not raise them in their first motion." *Id.* The court agreed with the

Plaintiff, found his argument "persuasive," and found that "Defendants' second pre-answer motion to dismiss is barred." *Id.* at *15.

Put simply, Rule 12(g) "requires all of the permitted Rule 12(b) defenses to be raised in a single, consolidated motion rather than in multiple or successive motions." *CGHH*, *LLC*, *and Concept Games*, *LLC v. Cesta Punta Deportes, S.A. de C.V*, 2006 U.S. Dist. LEXIS 1501 (N.D. Ga. March 31, 2006). A party "cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously." *Id.* at *8 (quoting *Albany Ins. Co. v. Almacenadora Somex, S.A.,* 5 F.3d 907, 909-10 (5th Cir. 1993)). Here, the Third-Party Defendants failed to raise all their 12(b) defenses in a consolidated motion, are instead attempting to do so in piecemeal fashion, and this should not be allowed.[2]

### (b) The Rule 12(h)(2) and (3) Exceptions are Inapplicable Here

Rule 12 allows for two specific exceptions to the general rule requiring all Rule 12(b) defenses to be presented in a single motion. These include: 1) certain defenses raised in accordance with subdivision (h)(2); or 2) a lack of subject matter jurisdiction. Neither of these exceptions is relevant here. More specifically, Fed. R. Civ. Proc. 12(h)(2) allows defendants to reassert the specific defenses of failure to state a claim, failure to join an indispensable party, and/or to assert an affirmative defense in one of only *three* instances. These include: (1) a Rule 7(a) pleading, which the second Motion To Dismiss is not; (2) a Rule 12(c) motion for judgment

---

[2] In their first Motion to Dismiss, the Third-Party Defendants even signaled their intention to improperly file multiple Rule 12 motions and ineffectually attempted to preserve their right to file such successive motions in a footnote. See DE 83, p.2 at fn. 1 ("Should this Court deny Fisher's [first] Motion to Dismiss . . . Fisher intends to a file a [second] Motion to dismiss in part due to Cayman's improperly combining multiple claims under a single cause of action . . . .").

on the pleadings, which the second Motion To Dismiss is not, and (3) at trial on the merits. *See Manns* at *12-13. Rule 12(h)(3) provides that the issue of subject-matter jurisdiction can be raised at any time, though this is not an issue currently before the Court.[3]

Thus, none of the enumerated exceptions is implicated by the Third-Party Defendants' second Rule 12(b) motion to dismiss in this case, and the Court should ignore the substantive arguments contained therein. The Third-Party Defendants had ample opportunity to raise the universe of the asserted defenses in the first Motion to Dismiss filed on January 14, 2011, as such, the filing of a second Motion to Dismiss was procedurally redundant and improper.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Counsel respectfully request that the court strike Defendants' second Motion to Dismiss and enter a default judgment in favor of Cayman Arts.

---

[3] This is also not the kind of case, for example, in which the filing a successive motion to dismiss under Rule 12 might be judicially permitted, such as where the basis of the second Rule 12 motion was unknown to the filing party at the time of the first motion to dismiss. *Id.* at *9 ("The Court would not foreclose the filing of a successive motion under *Rule 12*, if for example, the basis for the second motion were unknown at the time the initial *Rule 12* motion was filed and the Court were convinced that the second motion was not interposed for delay.").

                Respectfully submitted,

                Robert N. Nicholson
                Nicholson Law Group, P.A.
                200 South Andrews Ave.
                Suite 100
                Fort Lauderdale, FL 33301
                Telephone: (954) 351-7474
                Facsimile: (954) 351-7475


                <u>s/ Robert N. Nicholson</u>

                Robert N. Nicholson, Esq.
                Florida Bar No. 933996
                Email: Robert@nicholsonlawgroup.com


## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on March 8, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF or in some authorized manner for counsel or parties who are not authorized to receive electronically Notice of Electronic Filing

                <u>s/ Robert N. Nicholson</u>
                 Robert N. Nicholson, Esq.