UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff/Counter-Defendant,

v.

CAYMAN ARTS, INC., a Florida corporation
and SCOTT R. STEELE, an individual,

    Defendant/Counter-Plaintiff,

v.

FISHER BLUE WATER GALLERIES, LLC, a
Florida limited liability company, MONIQUE
COMFORT, individually, GRAY INGRAM,
individually, and JOHN and JANE DOE,
unknown entities,

    Third-Party Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE THIRD-PARTY DEFENDANTS' (SECOND) MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant/Counter-Plaintiff Cayman Arts, Inc.'s ("Cayman's") Motion to Strike Third-Party Defendants' (Second) Motion to Dismiss [DE 92] ("Motion to Strike"). The Court has considered the Motion to Strike, Third-Party Defendants Fisher Blue Water Galleries, LLC, Monique Comfort, and Gray Ingram's (collectively "Third-Party Defendants'") Response [DE 94], Cayman's Reply [DE 96] and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On February 12, 2010, Plaintiff Carey Chen, a marine artist, brought this action for a variety of claims relating to his employment with Defendants Cayman and

Cayman's President and Chief Executive Officer, Scott R. Steele. See Complaint [DE 1]; Amended Complaint [DE 22]. On August 30, 2010, Cayman filed its Counterclaim [DE 51 at 1-15] against Mr. Chen and Third-Party Complaint [DE 51 at 16-27] against the Third-Party Defendants.[1]

On January 14, 2011, the Third-Party Defendants filed their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) [DE 83] ("First Motion to Dismiss"). The Court denied the First Motion to Dismiss on February 22, 2011 [DE 86]. Thereafter, the Third-Party Defendants filed their Motion to Dismiss under Federal Rules of Civil Procedure 10, 12(b)(6), 12(e), 12(f), and Local Rule of the Southern District of Florida 7.1 [DE 91] ("Second Motion to Dismiss"). On March 8, 2011, Cayman filed the instant Motion to Strike, arguing that Federal Rule of Civil Procedure 12(g) prohibits the Third-Party Defendants from filing their Second Motion to Dismiss.

## II. DISCUSSION

Pursuant to Rule 12(g), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). Rule 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Rule 12(h)(3) permits a court to dismiss an action for lack of subject matter jurisdiction at any time.

---

[1] The Third-Party Defendants also include "John and Jane Doe, unknown entities." Countercl. and Third-Party Compl. at 1.

2

Fed. R. Civ. P. 12(h)(3).

The parties do not dispute that the Third-Party Defendants filed two separate motions to dismiss. Nor does any party dispute that the defenses raised in the Second Motion to Dismiss are not based on any new information, but instead were available at the time the Third-Party Defendants filed their First Motion to Dismiss. However, the Third-Party Defendants oppose the Motion to Strike, arguing: first, that Rule 12(g) does not apply to the entire Second Motion to Dismiss; second, that the Second Motion to Dismiss falls under a Rule 12(h) exception to Rule 12(g); and third, that Rule 12(g)(2)'s rationale does not apply to this case. Resp. at 2.

First, the Third-Party Defendants' argument that Cayman's Motion to Strike does not apply to their entire Second Motion to Dismiss is unavailing. The Third-Party Defendants contend that Rule 12(g) only limits their 12(b) arguments, and not their Rule 10, 12(e), or 12(f) arguments. Under the plain language of Rule 12(g), the limitation on further motions applies to "a motion under this rule." Fed. R. Civ. P. 12(g)(2). The rule does not distinguish between sub-parts of Rule 12, but merely refers to motions "under this rule." See id. The Rule 12(b)(6), 12(e) and 12(f) challenges fall under Rule 12 because they are all part of the rule. Though the Rule 10 challenge technically implicates a rule other than Rule 12, the proper method for seeking compliance under Rule 10 is actually a motion for a more definite statement under Rule 12(e). See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) ("defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement); Fed. Ins. Co. v. Bonded Lightning Prot. Sys., Inc., 2008 WL 5111260, at *6 (S.D. Fla. Dec. 3, 2008) (when complaint is unclear, the

proper remedy is a Rule 12(e) motion to require compliance with Rule 10(b)). Therefore, as all claims in the Second Motion to Dismiss fall under Rule 12, the limitation on joining motions applies to the entire Second Motion to Dismiss.[2]

Second, contrary to the Third-Party Defendants' contentions, the Rule 12(h)(2) exception to Rule 12(g) does not permit them to file their Second Motion to Dismiss. The policy behind Rule 12(h)(2) was to preserve certain defenses against waiver. 1966 Amendment to Fed. R. Civ. P. 12. In fact, part (h) was crafted to juxtapose those defenses subject to waiver in subdivision (h)(1) with those not subject to waiver in subdivisions (h)(2) and (3). Id. The drafters did not intend to allow a party to bring unlimited motions to dismiss based on different defenses. Rather, Rule 12(h) specifies that a party may raise certain defenses (failure to state a claim, failure to join a person required by Rule 19(b), or a legal defense to a claim) after an initial Rule 12 motion to dismiss in three circumstances: in any Rule 7(a) pleading, in a Rule 12(c) motion, or at trial. See Fed. R. Civ. P. 12(h). A second motion to dismiss falls under none of these circumstances. Thus, Rule 12(h) does not allow the Third-Party Defendants to file multiple motions to dismiss based on different defenses.

Third, the Court cannot allow the Third-Party Defendants to proceed with their Second Motion to Dismiss based on their assertion that filing two motions to dismiss in this case "makes procedural sense." Resp. at 5. When the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best

---

[2] The Third-Party Defendants also bring their Second Motion to Dismiss pursuant to Local Rule for the Southern District of Florida 7.1. Local Rule 7.1 does not raise a substantive argument, but merely lays out the procedure for motions practice in this Court. Therefore, the fact that the Third-Party Defendants bring their Second Motion to Dismiss pursuant to Local Rule 7.1 does not affect this Court's analysis.

procedural sense. Rather, this Court will follow the Federal Rules and strike the Third-Party Defendants' Second Motion to Dismiss as improper under Rule 12(g). See Fed. R. Civ. P. 12(g).

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant/Counter-Plaintiff Cayman Arts, Inc.'s Motion to Strike Third-Party Defendants' (Second) Motion to Dismiss [DE 92] is **GRANTED**;

2. The Third-Party Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 10, 12(b)(6), 12(e), 12(f), and Local Rule of the Southern District of Florida 7.1 [DE 91] is **STRICKEN**;

3. The Third-Party Defendants shall respond to the Third-Party Complaint [DE 51] by no later than **March 25, 2011**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of March, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF