UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff

v.

CAYMAN ARTS, INC., a Florida corporation, and SCOTT R. STEELE, an individual,

    Defendants,

_____/

CAYMAN ARTS, INC., a Florida corporation,

    Counter-Plaintiff,

v.

CAREY CHEN,

    Counter-Defendant,

_____/

CAYMAN ARTS, INC., a Florida corporation,

    Third-Party Plaintiff,

v.

FISHER BLUE WATER GALLERIES, LLC, a Florida limited liability company, MONIQUE COMFORT, individually, GRAY INGRAM, Individually, and JOHN and JANE DOE, Unknown entities,

    Counter-Defendant,

_____/

## THIRD-PARTY PLAINTIFF CAYMAN ARTS, INC., MOTION TO WITHDRAW ADMISSIONS

    Third-Party Plaintiff, CAYMAN ARTS, INC. ("Cayman Arts"), a Florida corporation, by and through its undersigned counsel, files this Motion to Withdraw Admissions. In support thereof, Cayman Arts states as follows:

## BACKGROUND FACTS

1. On April 6, 2011, FISHER BLUE WATER GALLERIES, LLC, MONIQUE COMFORT, and GRAY INGRAM (collectively "Fisher") served Cayman Arts with its First Interrogatories, **[DE 114-1]**, First Request to Produce, **[DE 114-2]**, and First Request for Admissions, **[DE 114-3]**.

1. On April 15, 2011, counsel for Cayman Arts and Scott Steele (owner of Cayman) filed a Motion to Withdraw from the case. **[DE 100]**. On April 22, 2011, this Court heard argument and granted the Motion to Withdraw. **[DE 105]**.

2. Steele filed a Motion *pro se* seeking reconsideration of the Order. **[DE 107]**. On April 27, 2011, the Court granted Steele's *pro se* Motion for Reconsideration and extended the deadlines for Cayman Arts to obtain new counsel through May 23, 2011.

3. On May 23, 2011, new counsel entered a Notice of Appearance. **[DE 112]**. Given the lack of counsel and entry of new counsel, Cayman Arts did not have the requisite time to respond to the pleadings. No extension of deadlines was given to Cayman Arts.

4. Less than 30 days after the entry of new counsel, Fisher filed a Motion to Deem Request for Admissions Admitted and Motion to Compel Responses to Interrogatories and Request to Produce on June 10, 2011. **[DE 114]**.

5. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Fisher's Motion to Deem Request for Admissions Admitted was technically granted as Cayman Arts was unable to provide a written answer or objection addressed to Fisher's First Interrogatories, First Request to Produce, and First Request for Admissions within 30 days after being served.

6. Cayman Arts seeks a withdrawal of the admissions that were not responded to and thus deemed admitted. Granting such motion would aid in the ascertainment of the truth and the development of the merits of the case.

7. Cayman Arts moves to withdraw its deemed admissions so that this case can be tried on the merits, and asks that the Court consider the fact that its actions were not willful, and respectfully requests the motion be granted.

## MEMORANDUM OF LAW

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission, and provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Once the matter is admitted, Rule 36(b) sets forth that "[a] matter admitted under [Rule 36(a)] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Withdrawal or amendment is permitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

The Eleventh Circuit has set forth a two-prong test to be applied by the district courts to determine whether to grant or deny a motion to withdraw or amend admissions. See *Perez v. Miami-Dade County*, 297 F.3d. 1255, 1264 (11th Cir. 2002); *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988). Under the two-part test, "[f]irst, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.*

The Eleventh Circuit in *Perez* stops short of holding that movants of motions to withdraw or amend admissions have "an absolute right ... to have [their] admissions withdrawn." *Id.* at 1265 (citing *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9 Cir. 1981)). The *Perez* Court states "to best fulfill the purposes of Rule 36, a district court must abide by the two-part test of Rule 36(b) ... a district court abuses its discretion under Rule 36(b) ... when it applies some other criterion beyond the two-part test-or grossly misapplies the two-part test-in making its ruling. *Id. See Gutting*

5952128 v1 27434-0001

3

*v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1313 (8th Cir.1983) ("Regardless of the intentions of the district court to sanction [the party], we find the district erred in not considering the factors set out in [R]ule 36(b).").

The first prong of the *Perez* test "emphasizes the importance of having the action resolved on its merits and is satisfied when upholding the admissions would practically eliminate any presentation on the merits." *Id.* at 1266 (internal citations and quotation marks omitted). Here, the items that were deemed admitted are the very elements that the Third-Party Plaintiff needs to prove its entire case. The admissions go to the core of proof in this case. Thus, granting this motion to withdraw admissions will certainly aid in the "ascertainment of the truth and the development of the merits." *Smith*, 837 F.2d at 1577. Therefore, the first prong of the *Perez* test is met.

According to the *Perez* Court, Rule 36(b)'s second prong requires the court to determine whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions. The Eleventh Circuit states as follows:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Perez*, 297 F.3d. at 1266 (quoting *Smith*, 837 F.2d at 1578) (quoting *Brook Village N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982)).

Here, the Motion to Withdraw Admissions is made before trial, giving the Fisher sufficient time to prepare for trial without a withdrawal being prejudicial. The only prejudice Fisher may suffer here, similar to the Plaintiff in Perez, would be the inconvenience in having to gather evidence. Because Fisher was aware that it could have to prove many of the elements of its case now deemed admitted prior to the commencement of this lawsuit, it would have suffered no prejudice if the court permits a withdrawal. This "[does] not rise to a level of prejudice that justifie[s] a denial of the

withdrawal motion;" therefore, the second prong of the *Perez* test has also been met. *Id.* at 1268 (quoting *Hadley v. United States,* 45 F.3d 1345, 1349 (9th Cir.1995)). Both prongs of the *Perez* test have been satisfied in this instance, and thus the Court should grant Cayman Arts's Motion to Withdraw Admissions.

## CONCLUSION

Based on the foregoing, CAYMAN ART'S, INC.'S respectfully moves to withdraw the deemed admissions, and for such other relief this Court deems proper.

Respectfully Submitted,
**GREENSPOON MARDER, P.A.**
*Attorneys for Defendants Cayman Arts, Inc. and Scott R. Steele*
100 West Cypress Creek Road
Fort Lauderdale, FL 33309
Telephone:  (954) 491-1120
Direct Fax:  (954) 267-8027

By: _____
MITCHELL D. ADLER
Florida Bar #434061

## RULE 7.1(A)(3) CERTIFICATE

Undersigned counsel certifies that undersigned counsel made reasonable efforts to confer by e-mail and telephone on June 15, 2011 with Plaintiff's counsel, in an effort to address and resolve the foregoing issues, but has been unable to do so.

_____
Mitchell D. Adler