UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff,

vs.

CAYMAN ARTS, INC., a Florida corporation,
and SCOTT R. STEELE, an individual,

    Defendants.
_____/

CAYMAN ARTS, INC., a Florida corporation,

    Counter-Plaintiff,

vs.

CAREY CHEN,

    Counter-Defendant,
_____/

CAYMAN ARTS, INC., a Florida corporation,

    Third-Party Plaintiff,

vs.

FISHER BLUE WATER GALLERIES, LLC, a
Florida limited liability company, MONIQUE
COMFORT, individually, GRAY INGRAM,
individually, and JOHN AND JANE DOE,
unknown entities,

    Third-Party Defendants,
_____/

ORDER ON MOTIONS TO COMPEL

THIS CAUSE is before the Court on Fisher's Motion to Deem Request for

Admissions Admitted; Motion to Compel Responses to Interrogatories and Requests to Produce (DE 114) and Plaintiff's Motion to Compel Response to Interrogatories and Request for Production, Motion to Deem Request for Admissions Admitted (DE 117). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida, and the Court being sufficiently advised, it is hereby Ordered that the Motions are GRANTED for the reasons set forth below.

## BACKGROUND

1. On April 6, 2011, both Plaintiff Carey Chen ("Chen") and Third-Party Defendants, Fisher Blue Water Galleries, LLC, Monique Comfort, and Gray Ingram (collectively, "Fisher"), served on Defendant/Third-Party Plaintiff, Cayman Arts, Inc. and/or on Defendant Scott R. Steele[1] (collectively, "Cayman") interrogatories, requests for production, and requests for admissions; Cayman's responses to these discovery requests were due on May 9, 2011.

2. On April 22, 2011 (before Cayman's responses were due), the District Court permitted counsel for Cayman Arts, Inc. and Scott R. Steele to withdraw its representation and gave them until May 6, 2011, to obtain substitute counsel; the Court also extended the discovery deadline to May 13, 2011. Subsequently, the District Court extended the deadline for Cayman Arts and Steele to obtain counsel to May 23, 2011, and it reset the discovery deadline to June 10, 2011, and the trial for the two-week period commencing September 6, 2011.

---

[1] Scott Steele is the owner and principal of Cayman Arts, Inc.

3. On May 23, 2011 (two weeks after Cayman's discovery responses had been due), new counsel entered a Notice of Appearance on behalf of Defendants Cayman Arts and Steele.

4. On June 10, 2011, Third-Party Defendant Fisher filed its Motion to Deem Request for Admissions Admitted; Motion to Compel Responses to Interrogatories and Requests to Produce (DE 114).

5. On June 17, 2011, Plaintiff Chen filed his Motion to Compel Response to Interrogatories and Requests for Production, Motion to Deem Request for Admissions Admitted (DE 117).

## MOTIONS TO COMPEL

In their Motions to Compel, Fisher and Chen state that Cayman was required to respond to their discovery requests by May 9, 2011, but as the date of the filing of their Motions, Cayman had failed to respond or to request an extension of time to do so. They, therefore, request that the Court: (1) compel Cayman to provide full responses to their interrogatories and requests for production within five business days; (2) rule that Cayman has waived all objections to these discovery requests; (3) deem their requests for admission admitted; and (4) award them the reasonable attorney's fees they incurred in bringing their motions.

Cayman responds that the Court should deny both motions to compel because they are untimely, as they were filed more than 30 days after the occurrence of grounds for the motions. Local Rule 26.1(h)(1) provides:

> All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of

3

>grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

S.D. Fla. L. R. 26.1(h)(1). Cayman contends that grounds for filing the motions to compel occurred on May 9, 2011, when it failed to respond to the discovery requests by the due date.[2] According to Cayman, both Fisher and Chen were required to file their motions 30 days later, which would have been June 8, 2011. Yet, Fisher filed its Motion to Compel on June 10, 2011 (2 days late), and Chen filed his Motion to Compel on June 13, 2011 (5 days late). Cayman argues that Fisher and Chen have not shown reasonable cause for their late filing and, thus, they have waived their right to relief.

Although Fisher and Chen did file their motions to compel late,[3] their filing delay is *de minimus*. Moreover, Local Rule 26.1(h)(1) is "permissive and affords the Court discretion in whether to consider a late-filed motion." Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co., No. 09-CV-80787, 2010 WL 411088, at 2 (S.D. Fla. Jan. 29, 2010); see also Kabula v. Southern Homes of Homestead VIII, Inc., No. 08-20685-

---

[2] Cayman erroneously states that its responses were due on May 6, 2011. Under the Federal Rules of Civil Procedure, a party must respond to written discovery requests within 30 days after the requests are served. See Fed. R. Civ. P. 33(b)(2) (interrogatories), Fed. R. Civ. P. 34(b)(2)(A) (requests for production) and Fed. R. Civ. P. 36(a)(3) (requests for admissions). However, under Federal Rule of Civil Procedure 6(d), 3 days are added to the 30-day period where (as here) the discovery requests are served by mail.

[3] Chen contends that his motion to compel was timely filed because he filed it 18 days after Cayman's new counsel had entered an appearance; he thereby implicitly suggests that the "occurrence of grounds for the motion" was the date of counsel's appearance. The Court, however, need not decide the issue. Whether the grounds for filing the motions to compel occurred when Cayman failed to respond to the discovery requests by the due date (as Cayman contends) or when Cayman obtained new counsel (as Chen contends), the Court does not find that Chen or Fisher have waived their right to the relief sought in their motions to compel.

CIV, 2008 WL 4691983, at *1 (S.D. Fla. October 22, 2008) ("[B]ecause S.D. Fla. L.R. 26.1[h] is permissive, this Court has discretion to grant the Motion to Compel, even if it was filed late."); S.D. Fla. L. R. 26.1(h)(1) ("Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.") (emphasis added).

The Court concludes that Fisher and Chen have not waived their right to relief; they have shown reasonable cause for the late filing under the circumstances here. Fisher and Chen explain that at the time Cayman's discovery responses were due (and for 14 days thereafter), the corporation was without counsel and, thus, unable to respond to the discovery requests. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel."). According to Fisher and Chen, they were required to wait for Cayman to obtain new counsel and then allow a reasonable time for Cayman to respond.[4] Moreover, even after Cayman obtained new counsel on May 23, 2011, it failed to respond to the discovery requests (or request an extension of time to do so) before Fisher and Chen filed the instant Motions to Compel on June 10, 2011, and on June 13, 2011, respectively. Indeed, Cayman did not even attempt to respond to any discovery request until it filed its June 15, 2011 Response to Fisher's

---

[4] The Court notes that Scott Steele, as an individual, could proceed *pro se*. Fisher and Chen, therefore, could have moved to compel his discovery responses 30 days after he failed to respond. Fisher, however, explains that because Steele was without counsel at that time, "as a matter of professionalism," it did not move to compel until he had obtained counsel  Reply at 2 (DE 126). The Court appreciates such "professionalism." Indeed, this Court delayed ruling on a previously-filed motion to compel to afford Cayman's new counsel an opportunity to respond. See June 8, 2011 Order on Plaintiff's Second Motion to Compel (DE 113).

Motion to Compel; attached to Cayman's Response is Cayman Arts, Inc.'s Answers to Fisher's First Interrogatories (DE 119-1), Cayman Arts, Inc.'s Response to Fisher's Request for Production (DE 119-2), and Cayman Arts, Inc.'s Answers to Fisher's First Request for Admissions (DE 119-3). And attached to the Response to Chen's Motion to Compel are Cayman Arts, Inc.'s Answers to Chen's First Request for Admissions (DE 122-1) and Scott R. Steele's Answers to Chen's First Request for Admissions (DE 122-2). Although Cayman Arts, Inc. (belatedly) provided those discovery responses, Cayman Arts Inc. and Scott R. Steele inexplicably did not respond to Chen's interrogatories or request for production.

The Court, therefore, will not deny Fisher and Chen's Motions to Compel because they were untimely filed in violation of Local Rule 26.1(h)(1). Cayman, however, additionally argues that Chen's Motion to Compel (but not Fisher's Motion to Compel) is still untimely because he filed it after the June 10, 2011 discovery deadline.[5] Neither the Federal Rules of Civil Procedure nor this District's Local Rules expressly prohibit the filing of a motion to compel after the discovery deadline.[6] In support of its argument, Cayman relies on two discovery orders from this District – Poe v. Carnival Corporation, No. 06-20139, 2007 U.S. Dist. LEXIS 4627 (S.D. Fla. January 23, 2007), and Lira v. Arrow Air, Inc., No. 05-23273, 2007 U.S. Dist. LEXIS 4345 (S.D. Fla. January 22, 2007). In Poe, the

---

[5] The Court notes that Fisher filed its Motion to Compel on the discovery cutoff date.

[6] Cayman cites to Local Rule 26.1(f)(1), which provides that discovery must be completed before the discovery cutoff date and that written discovery requests must be served in sufficient time for the party upon whom they are served to respond before the discovery deadline. This Rule, however, does not require that a motion to compel be filed before the discovery deadline.

defendant had served a request for production of documents two months after the discovery deadline, seeking a copy of a videotape that the plaintiff had made at her independent medical examination three months previously.  The defendant then moved to shorten the plaintiff's time to respond to the discovery request or, alternatively, to compel production of the videotape.  In ruling that the motion to compel was untimely, the magistrate judge found that the defendant had failed to serve its request for production of the videotape in sufficient time for the plaintiff to produce it before the discovery deadline, in violation of the court's Local Rules; the judge further noted:  "naturally that also means that any motions to compel should have been filed by that date to be timely."  Poe, 2007 U.S. Dist. LEXIS 4627, at *3.  And in Lira, the plaintiff had moved to compel the defendants to produce their corporate representatives for deposition after the discovery deadline.  The magistrate judge noted that the record did not reflect that the plaintiff had served any deposition notices before the discovery deadline and that such notices should have been served in sufficient time for the depositions to have been completed before the discovery deadline.  And as he had observed in Poe,  the judge stated that to be timely the motion to compel should have been filed before the discovery deadline.  Lira, 2007 U.S. Dist. LEXIS 4345, at *3-4.  Unlike the movants in both Poe and Lira, Chen did file his discovery requests in time for Cayman to respond thereto before the discovery deadline.  And unlike the movants in Poe and Lira, Chen's delay in filing was not attributable to his inaction; rather, his filing delay was due to Cayman's lack of counsel and to his affording Cayman a reasonable time to respond to the discovery requests after it had obtained new counsel.

Even were the Court to find that Chen was required to file his Motion to Compel before the discovery deadline, it would still consider the Motion on its merits.  According

to Cayman, "[o]nly if [a] movant can show good cause and excusable neglect, will a motion to compel filed after the close of discovery be accepted." Response at 4 (DE 127-1). In support Cayman cites In re BankAtlantic Bancorp, Inc. Securities Litigation, No. 07-61542-Civ-Ungaro/Simonton, 2010 U.S. Dist. LEXIS 93500 (S.D. Fla. Aug. 20, 2010). In BankAtlantic, the court set forth factors a court may consider in determining whether an untimely motion to compel should be heard: "the danger of prejudice to respondent; the length of the delay and its potential impact on judicial proceedings; the reason for the delay . . . and whether movant acted in good faith, with primary importance accorded to the absence of prejudice to respondent and the interest of judicial administration." Id. at *10.

Here, these factors weigh in favor of considering the instant Motions to Compel on the merits. The length of delay in filing the motions to compel was minimal; Fisher filed its Motion to Compel only 2 days late and on the discovery cutoff date, and Chen filed his Motion to Compel only 5 days late and only 1 business day after the discovery cutoff date. Significantly, Fisher and Chen acted in good faith in delaying filing their motions until Cayman had obtained new counsel. Furthermore, the filing delay will not have a significant impact on these proceedings. Cayman has not identified any prejudice it would suffer due to the *de minimus* filing delay or any prejudice from having to now respond to the discovery requests. Indeed, it would be inequitable for this Court to permit Cayman to evade its discovery obligations because of the minimal delay in filing the instant Motions to Compel. Accordingly, the Court will require Cayman Arts, Inc. and Steele to respond to all Fisher's and Chen's discovery requests.

Fisher and Chen, however, request that the Court rule that Cayman has waived its objections to its discovery requests by its failure to timely respond to them. Federal Rule

8

of Civil Procedure 33 provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Although Federal Rule of Procedure 34, relating to requests for production, does not contain a comparable provision, Local Rule 26.1(g) addresses waiver of objections for both interrogatories and requests for production. Local Rule 26.1(g) provides: "Where an objection is made to any interrogatory . . . or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof shall be waived." S.D. Fla. L.R. 26.1(g)(3)(A). The Court, therefore, finds that because Cayman failed to timely respond to either Fisher's or Chen's discovery requests, it has waived all objections thereto.

      Additionally, Fisher and Chen request that the Court deem all matters in their Requests for Admissions admitted. Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(1)(3). Cayman failed to timely respond to the Requests for Admission. Accordingly, under Federal Rule of Civil Procedure 36(a)(1)(3), the matters contained therein are deemed admitted. However, pursuant to Rule 36(b), a court may permit admissions to be withdrawn, "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Cayman has filed Motions to Withdraw Admissions (DE 120 and 123). Because these Motions have not been fully briefed, the Court will rule on them by separate

Order.

Finally, Fisher and Chen request that the Court award them the attorney's fees they incurred in bringing their Motions to Compel. Federal Rule of Civil Procedure 37(a)(5)(A) requires that when a court grants a motion to compel or when the requested discovery is provided after the filing of the motion, it must require the opposing party to pay the movant's reasonable expenses, including attorney's fees, unless the opposing party's nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii). Although Cayman's failure to timely respond to Fisher's and Chen's discovery requests may have been attributable to its lack of counsel at the time they were due; it did not respond until Chen and Fisher filed their Motions to Compel. Moreover, Cayman has still not responded to many of the discovery requests, and it has not proffered any explanation for its failure to do so during the nearly three weeks between the time it obtained new counsel and the first Motion to Compel was filed. The Court, therefore, will award Fisher and Chen a portion of the attorney's fees they incurred in bringing the instant Motions.

Based on the foregoing, it is hereby ORDERED as follows:

1. Fisher's Motion to Deem Request for Admissions Admitted; Motion to Compel Responses to Interrogatories and Requests to Produce (DE 114) is GRANTED.

2. On or before June 30, 2011, Defendant/Third-Party Plaintiff Cayman Arts, Inc. shall supplement its answers to provide all information sought by Fisher's First Interrogatories (without asserting objections) and, on that same date, Cayman Arts, Inc. shall produce for inspection and copying all documents in its possession, custody, and control responsive to Fisher's First Request to Produce.

    3.    Plaintiff's Motion to Compel Response to Interrogatories and Request for Production, Motion to Deem Request for Admissions Admitted (DE 117) is GRANTED;

    4.    On or before June 30, 2011, Defendant Cayman Arts, Inc. shall answer Plaintiff's Second Set of Interrogatories (without asserting objections) and, on that same date, it shall produce for inspection and copying all documents in its possession, custody, and control responsive to Plaintiff's Second Request for Production of Documents.

    5.    On or before June 30, 2011, Defendant Scott R. Steele shall answer Plaintiff's Second Set of Interrogatories (without asserting objections), and he shall produce for inspection and copying all documents in his possession, custody, and control responsive to Plaintiff's Second Request for Production of Documents.

    6.    All matters contained in Fisher's and Chen's Request for Admissions are deemed admitted.

    7.    Within 45 days of the date of this Order, Third-Party Plaintiff Cayman Arts, Inc. shall pay $200 to Third-Party Defendant Fisher to defray the attorney's fees incurred in bringing its Motion to Compel.

    8.    Within 45 days of the date of this Order, Defendant/Third-Party Plaintiff Cayman Arts, and Defendant Scott R. Steele shall pay $200 to Plaintiff to defray the attorney's fees incurred in bringing his Motion to Compel.

    DONE AND ORDERED in Fort Lauderdale, Florida, this 22th day of June 2011.

BARRY S. SELTZER  
United States Magistrate Judge

Copies to:

All counsel of record