UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff,

vs.

CAYMAN ARTS, INC., a Florida corporation,
and SCOTT R. STEELE, an individual,

    Defendants.
_____/

CAYMAN ARTS, INC., a Florida corporation,

    Counter-Plaintiff,

vs.

CAREY CHEN,

    Counter-Defendant,
_____/

CAYMAN ARTS, INC., a Florida corporation,

    Third-Party Plaintiff,

vs.

FISHER BLUE WATER GALLERIES, LLC, a
Florida limited liability company, MONIQUE
COMFORT, individually, GRAY INGRAM,
individually, and JOHN AND JANE DOE,
unknown entities,

    Third-Party Defendants,
_____/

## ORDER ON MOTIONS TO WITHDRAW ADMISSIONS

THIS CAUSE is before the Court on Third-Party Plaintiff Cayman Arts, Inc.'s Motion

to Withdraw Admissions (as to Third Party Defendants' Requests for Admissions) (DE 120) and  Defendants' (Cayman Arts and Scott R. Steele) Motion to Withdraw Admissions as to Plaintiff's First Request for Admissions (DE 123) and the Motions having been fully briefed and the Court being sufficiently advised, it is hereby Ordered that the Motions are GRANTED for the reasons set forth below.

## BACKGROUND

1.	On April 6, 2011, both Plaintiff Carey Chen ("Chen") and Third-Party Defendants, Fisher Blue Water Galleries, LLC, Monique Comfort, and Gray Ingram (collectively, "Fisher"), served on Defendant/Third-Party Plaintiff, Cayman Arts, Inc. and Defendant Scott R. Steele[1] (collectively, "Cayman") Requests for Admissions;  Cayman's responses to the Requests for Production were due May 9, 2011.[2]

2.	On April 22, 2011 (before Cayman's and Steele's responses to the Requests for Admissions were due), the District Court permitted counsel for Cayman Arts, Inc. and Scott R. Steele to withdraw its representation and gave them until May 6, 2011, to obtain substitute counsel; the Court also extended the discovery deadline (which had already ended on October 29, 2010) to May 13, 2011.  Subsequently, on April 27, 2011, the District Court extended the deadline for Cayman Arts and Steele to obtain counsel to May 23, 2011, and it reset the discovery deadline to June 10, 2011, and the trial for the two-week

---

[1]  Scott Steele is the owner and principal of Cayman Arts, Inc.

[2]  Under Federal Rules of Civil Procedure 36(a)(3), a party is required to respond to a Request for  Admission within 30 days of service.  Here, the Requests for Admissions were served on Cayman on April 6, 2011; 30 days from that date would have been May 6, 2011.  However, under Federal Rule of Civil Procedure 6(d), 3 days are added to the 30-day period where (as here) the discovery requests are served by mail.  Cayman Arts and Steele's responses, therefore, were due on May 9, 2011.

period commencing September 6, 2011.

3. When Cayman failed to respond to Plaintiff's and Fisher's Request for Production by the due date (May 9, 2011), the matters contained therein were deemed admitted. Fed. R. Civ. P. 36(a)(3).

4. On May 23, 2011, two weeks after Cayman's and Steele's responses to the Requests for Admissions were due, new counsel entered a Notice of Appearance on their behalf.

5. On June 10, 2011, Third-Party Defendant Fisher filed its Motion to Deem Request for Admissions Admitted and Motion to Compel Responses to Interrogatories and Requests to Produce, and on June 17, 2011, Plaintiff Chen filed his Motion to Compel Response to Interrogatories and Requests for Production and Motion to Deem Request for Admissions Admitted.

6. One June 15, 2011, Third-Party Plaintiff Cayman Arts filed its instant Motion to Withdraw Admissions (as to Third Party Defendants' Requests for Admissions) (DE 120) and on June 16, 2011, Defendants Cayman Arts and Scott R. Steele filed their instant Motion to Withdraw Admissions as to Plaintiff's First Request for Admissions (DE 123). Simultaneously with filing the Motions to Withdraw, Cayman Arts (as part of its response to Fisher's discovery motion) filed its Answers to Fisher's First Request for Admission (DE 119-3), and Cayman Arts and Steele (as part of their response to Plaintiff's discovery motion) filed their Answers to Plaintiff's First Request for Admission (122-1 and 122-2, respectively).

## MOTIONS TO WITHDRAW ADMISSIONS

Federal Rule of Civil Procedure 36(a) authorizes a party to serve any other party

with a written request to admit the truth of matters relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A) and (B).  The party upon whom a request for admission is served has 30 days from service of the request to respond by a written answer that must "specifically deny [the request], . . . state in detail why the answering party cannot truthfully admit or deny it," or assert an objection.  Fed. R. Civ. P. 36(a)(3) and (4).  If a party fails to respond within the 30-day period (or within such time as the court permits or to which the parties agree), the "matter is admitted."  Fed. R. Civ. P. 36(a)(3).  "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Withdrawal or amendment is permitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Id.   As the Eleventh Circuit has noted, "[e]ssentially, Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial.*' That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly." Perez v. Miami-Dade County, 297 F.3d 1255, 1268 (11th Cir. 2002) (emphasis in original) (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed.1994)).

Consistent with Rule 36(b), the Eleventh Circuit has set forth a two-prong test governing the determination of whether a party should be permitted to withdraw or amend admissions:  "First, the court should consider whether the withdrawal will subserve the presentations of the merits, and second, it must determine whether the withdrawal will

prejudice the party who obtained the admissions in its presentation of the case." Perez, 297 F.3d at 1264. "Rule 36(b)'s two-part test is much more than merely hortatory; it emphasizes the *importance of having the action resolved on the merits*, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" Id. at 1265 (emphasis in original) (quoting Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577-78 (11th Cir. 1988)).

The first prong of this test "emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation on the merits." Perez, 297 F.3d at 1266 (internal citations and quotation marks omitted). The first prong of the Perez test is easily satisfied here.

This action arises out of a dispute between Plaintiff Chen, a nationally renowned marine artist, and Defendants Cayman Arts and Steele involving an Employment Agreement (and Addendum thereto) and a Trademark and Licensing Agreement. Plaintiff has alleged, *inter alia*, that Cayman breached the Agreements by failing to promote the sale of his art works; Cayman has asserted a counterclaim, alleging, *inter alia*, that Plaintiff breached the Agreements. Additionally, Cayman has filed a Third-Party Complaint against Fisher, in which he alleges that Fisher influenced Chen to terminate his Agreement with Cayman and to appropriate Cayman's confidential client list, pricing information, and other confidential information. Cayman additionally alleges that Fisher, together with Chen, improperly began to promote and sell Chen's art works.

Plaintiff's Requests for Admissions are highly significant, if not central, to (at least) the breach of contract claims and counterclaims. By way of example, Plaintiff asks Cayman Arts and Steele to admit that Plaintiff never failed to attend any events or

5

appearances, to admit that Plaintiff devoted his best efforts and abilities in the performance of his duties under the Agreements, to admit that Cayman did not devote its best efforts either in the performance of its duties under the Agreements or in connection with the distribution and sale of Plaintiff's art works.  And Fisher's Requests for Admission go to the very heart of the merits of Cayman's Third-Party Complaint.  Each of the 20 Requests asks that Cayman admit that it has no evidence to support the various allegations of its claims against Fisher.  The Court, therefore, finds that the first prong of the Perez test has been met; withdrawal of the admissions would aid in the "ascertainment of the truth and the development of the merits."  Smith, 837 F.2d at 1577.

The Perez Court discussed the nature of the prejudice contemplated by the second prong:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to questions previously answered by the admissions.

Perez, 297 F.3d at 1266 (quoting Smith, 837 F.2d at 1578) (quoting Brook Village N. Assoc. v. Gen Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

Plaintiff notes that he must not only prove his own claims, but also defend against Defendants' counterclaim.  He contends that his Requests for Admissions were designed and directed to Defendants' claims and allegations in this case.  Additionally, Plaintiff asserts that he "relied upon these matters being deemed admitted and intentionally did not pursue the Defendants' depositions or the depositions of a number of potential witnesses prior to the June 10, 2011 discovery cut-off who [Plaintiff] believes have personal

knowledge and evidence to rebut and refute any timely denial of Defendants' admissions." Plaintiff's Response at 4-5 (DE 134). According to Plaintiff, he "would be seriously prejudiced in his ability to develop the evidence necessary to rebut the Defendants' own claims and allegations in advance of trial if Defendants are permitted to withdraw their admissions."

The Court cannot credit Plaintiff's assertion that he did not take Defendants' and other witnesses' depositions because he was relying on Defendants' deemed admissions. First, this action has been pending for over seventeen months, and Defendants' counterclaim has been pending for nearly ten months. It appears, however, that Plaintiff has not taken a single deposition.[3] Moreover, at the time Plaintiff served his Requests for Admissions, the discovery deadline was May 6, 2011. Yet, Defendants' responses were not deemed admitted under Rule 36(a)(3) until May 9, 2011, when Defendants failed to respond to the Requests. Hence, the May 6, 2011 discovery deadline had passed before the Requests were deemed admitted. And Plaintiff did not request the Court to formally deem the matters contained in its Requests admitted until June 13, 2011, after the extended June 10, 2011 discovery deadline. As the Eleventh Circuit has observed, Rule 36 Request for Admissions are designed to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*. Perez, 255 F.3d at 1268 (emphasis in original) (internal quotations and citation omitted). However, when a party serves a Request for Admission "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements . . . the rule's time-saving function ceases;

---

[3] According to Cayman, no party has taken any depositions in this action.

the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." Id.  Although Plaintiff failed to take Defendants' or other witnesses' depositions before the discovery deadline, the Court cannot conclude that Plaintiff's failure to do so was attributable to Plaintiff's reliance on Defendants' deemed admissions.

Third-Party Defendant Fisher contends that it too would be prejudiced by the withdrawal of Cayman Arts' admissions, but for a different reason.  As previously noted, Fisher's Request for Admissions asked Cayman Arts to admit it has no evidence to support 20 of the allegations in Cayman Arts Third-Party Complaint.  Fisher followed up its Requests with Interrogatories requesting that Cayman Arts identify the facts it relied on to support each denial of Fisher's Request for Admissions.  Fisher states that although Cayman Arts responded to the Interrogatories, its responses were short on facts and each included a "qualifier," indicating that it was unable to fully answer the Interrogatory because Fisher and Chen had failed to produce the discovery Cayman Arts had previously requested, which discovery would enable Cayman Arts to respond.  Fisher argues that if the Court permits withdrawal of the deemed admissions (that Cayman Arts has no evidence to support his claims) and permits Cayman Arts to now deny the Requests for Admissions, Fisher will be prejudiced "if forced to go to trial on Cayman's denial of the [Requests for Admissions] on one hand and its failure to provide any facts [in response to Interrogatories] to support its denials of the [Requests for Admissions] on the other hand." Third-Party Fisher's Response at 8 (DE 133).  But if Fisher believes that Cayman Arts' interrogatory answers were deficient, it should have moved to compel better responses. This Court, however, will not permit Fisher to use the interrogatory responses to bootstrap the deemed admissions.   In sum, the Court finds that the second prong of the Perez test

has also been satisfied; neither Chen nor Fisher will suffer the type of prejudice contemplated in Perez if Cayman Arts and Steele's deemed admissions are withdrawn.

Based on the foregoing it is hereby ORDERED as follows:

1. Third-Party Plaintiff Cayman Arts, Inc.'s Motion to Withdraw Admissions (as to Third Party Defendants' Requests for Admissions) (DE 120) is GRANTED and its deemed admissions to the matters contained in Third-Party Defendants' Request for Admissions are withdrawn.

2. Defendants' Motion to Withdraw Admissions as to Plaintiff's First Request for Admissions (DE 123) is GRANTED, and Cayman Arts' and Steele's deemed admissions to the matters contained in Plaintiff Chen's Requests for Admissions are withdrawn.

3. Cayman Arts Answers to Fisher's First Request for Admission (DE 119-3), and Cayman Arts and Steele their Answers to Plaintiff's First Request for Admission (122-1 and 122-2, respectively) are accepted by the Court.

DONE AND ORDERED in Fort Lauderdale, Florida, this 29th day of June 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record