CASE NO.: 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff

v.

CAYMAN ARTS, INC., a Florida corporation, and SCOTT R. STEELE, an individual,

    Defendants,
_____/

CAYMAN ARTS, INC., a Florida corporation,

    Counter-Plaintiff,

v.

CAREY CHEN,

    Counter-Defendant,
_____/

CAYMAN ARTS, INC., a Florida corporation,

    Third-Party Plaintiff,

v.

FISHER BLUE WATER GALLERIES, LLC, a Florida limited liability company, MONIQUE COMFORT, individually, GRAY INGRAM, Individually, and JOHN and JANE DOE, Unknown entities,

    Counter-Defendant,
_____/

**DEFENDANT/COUNTER-PLAINTIFF, CAYMAN ARTS, INC.'S AND SCOTT STEELE'S EMERGENCY MOTION AND REQUEST FOR HEARING FOR A CONTINUANCE OF THE TRIAL; AND OTHER RELIEF**

Comes Now Defendant/Counter-Plaintiff, Cayman Arts, Inc. ("Cayman Arts") and Scott Steele ("Steele"), filed by Scott Steele on behalf of both parties. Cayman and Steele respectfully requests the Court's understanding for filing this Motion on behalf of Cayman and Steele, due to the highly prejudicial circumstances that Cayman and Steele

now find themselves in. Cayman requested counsel of record to file such Motion, since this request was denied, Cayman and Steele hereby in support thereof state the following:

    1.    Cayman and Steele appeared as requested before the Court on September 9, 2011 regarding the Motions to Withdraw by counsel of record. Steele had filed prior to the hearing, a Motion on behalf of Cayman and Steele for a continuance based upon both counsel of record filing one week prior to trial, a Motion to Withdraw. The Court determined that Cayman and Steele were in fact, not in default, as they had counsel of record. Cayman and Steele now find themselves in a much worse position then when they attended the hearing. The relationship with counsel of record has continued to deteriorate rapidly and is beyond repair since the hearing in this Court on September 9, 2011. Counsel of record and Cayman/Steele at this point have to be deemed at a minimum adverse to one another. Immediately after the hearing, Mr. Adler made the statement to Steele that "he would not in fact represent Cayman and Steele", "what kind of representation could Cayman and Steele expect if Mr. Adler were to represent Cayman and Mr. Steele", among other substantially inflammatory remarks. Cayman and Steele requested counsel of record, Mr. Adler to file this motion on their behalf, Mr. Adler, unequivocally refused to do so, yet he subsequently stated that if he did file a motion for continuance, that he would file it on behalf of Cayman and not Mr. Steele, although clearly counsel of record for both. Mr. Adler further made disparaging remarks that were highly unprofessional and uncalled for. These are just small examples of what Cayman and Steele are experiencing. Cayman and Steele respectfully requested that Mr. Alder inform the Court that counsel of record was not in fact ready for trial, trial preparation had not been completed, Cayman and Steele were asked to prepare trial exhibits and

prepare the evidence. It was requested by Cayman/Steele that counsel of record put in writing that in fact trial preparation was complete, instead, this burden was attempted to be shifted to Cayman and Steele. If due to any circumstances, Mr. Adler's ability to prepare for trial has been impaired for any reason, with all due respect to the Court, it appears that Mr. Adler, Cayman or Steele should not be required to proceed to trial on September 15, 2011 under these circumstances. Due to the further deterioration of this attorney client relationship, Cayman and Steele do not feel that they will receive full and proper representation from counsel of record, the attorneys are not fully prepared to go to trial, there still remains a potential conflict issue and Cayman and Steele will be highly prejudiced and would be denied due process.

2. Without offending the Court and not for purposes of delay, it will be extremely prejudicial to both Cayman and Steele to be forced to proceed under the existing circumstances or trial schedule. Cayman and Steele both wish this matter to proceed to trial and flush out the truth, however, not at a prejudicial disadvantage due their counsel of record most recent actions one week before trial and the subsequent statements made to Mr. Steele as President of Cayman and individually after the hearing on September 9, 2011. Cayman and Steele represented to the Court on September 9, 2011, in lieu of facing motions for default, Cayman and Steele would be forced to proceed with existing counsel of record. In light of what transpired during the hearing and more importantly, immediately after the hearing, Monday and yesterday, it is believed that Cayman nor Steele will receive full and proper representation with counsel of record and would be highly prejudiced to continue under these conditions. Very minimal if anything has been prepared as far as what could reasonably be deemed or to

be considered trial preparation. As of September 12, 2011, the counsel of record had worked on a Pre-Trial stipulation and filed a version that was not final with comments provided by Cayman and Steele on September 13, 2011. Surely, this Pre-trial stipulation cannot be considered sufficient as preparation to proceed with a trial. As of the morning of September 13, 2011, when Cayman and Steele received an email from counsel of record, counsel of record requested Cayman and Steele to assemble the trial exhibits and evidence. Cayman nor Steele are trial lawyers. It will be impossible for Cayman and Steele to now prepare such requests. This email was sent at 9:50 pm on Monday evening requesting this, which Mr. Steele did not receive until the morning of September 13, 2011. Counsel has requested that Cayman and Steele prepare such, originally within about 4 hours in preparation of the filing by noon on September 13, 2011. Then this request was changed to be done before trial, less than a day away. With all due respect to the Court and your Honor, the Court's scheduling, Cayman and Steele are not lawyers, irrespective of whose fault it is, this should have been completed by counsel of record previously, not requested of Cayman and Steele less than a day before trial or left to Cayman and Steele to assemble. Cayman and Steele have never prepared such exhibits or evidence and are not sure what exactly this means. As much as this Court may be unhappy with Cayman, Steele, its counsel of record or the current situation, this Court should not allow such an injustice to proceed.

  3. Cayman and Steele are further being prejudiced by opposing counsel and their client's failure to provide and/or conceal discovery or evidence from this Court, Cayman and Steele although clearly representing in writing such was forthcoming. Never

has an objection or protective order been sought by Chen, Fisher, Comfort or Ingram for any of the discovery propounded by Cayman to Chen, Fisher, Comfort and Ingram.

    4.    It appears opposing counsel attempted to take unfair advantage of both Cayman and Steele while they were without counsel or representation with regard to the discovery timing previously that was properly propounded to Chen, Fisher, Comfort and Ingram.

    5.    Cayman is not seeking new discovery, simply what was due and owed by Chen and the third-party defendants Fisher, Comfort and Ingram in accordance with the rules. This Court allowed a Motion to Compel after the discovery cut-off date, Cayman simply wishes to avail itself of the same opportunity for discovery that it is due from Chen, Fisher, Comfort and Ingram while not being forced to trial without the evidence that is crucial to properly assert its defenses and prosecute its claims against the parties. For Cayman and Steele to be denied such evidence and discovery would constitute lack of due process and be extremely prejudicial. What is further disturbing is that as officers of the Court, both sets of opposing counsel stated that such would be produced. Chen produced what appears to be documents for only 1 or two documents requests, although even these appear to be incomplete responses. Cayman propounded 59 distinct document requests. These documents were not delivered by Chen's counsel until on or about July 6, 2011 and were just sent as a stack of documents. Finally, on or about August 25, 2011, Chen's counsel sent a CD containing these documents with bates stamps. Fisher, Comfort and Ingram failed to respond to one single document request propounded by Cayman. Opposing counsel for any of the parties did not dispute these material facts in

the hearing held before this Court on September 9, 2011, nor did they offer an explanation. They simply stood silent before the Court.

6. Cayman and Steele are representing to this Court, that they are diligently working on engaging new counsel to carry this matter through trial without delay. In making this commitment to the Court, Cayman and Steele will however, need additional time and consideration from the Court as respectfully requested herein.

7. Without pointing blame in this Motion, the fact is that, essential, basic trial duties, which in order to successfully carry this matter through trial have not been performed or completed, nor is there now adequate time for Cayman and /or Steele to properly accomplish same. To request or force Cayman and Steele to proceed, the Court would be severely prejudicing both Cayman and/or Steele. Cayman and Steele would request the following consideration and cooperation from this Court in order to proceed properly to trial:

(a) Allow Cayman and Steele up to and including October 14, 2011 to find and allow any new prospective counsel the time to properly review the case, be engaged and enter their appearance through trial. If such engagement does not occur, Cayman and Steele will seek no further extensions, nor expect the Court to grant such.

(b) Continuance of trial for a minimum period of 120 days from September 15, 2011 to allow new counsel to prepare for trial.

(c) New Counsel for Cayman would be required to request leave of the Court to file Motions to Compel for document requests by October 14, 2011 based upon the discovery propounded by Cayman to Chen, Fisher, Comfort and

Ingram and still outstanding. It is requested that Chen, Fisher, Comfort and Ingram be required to fulfill their discovery obligations the earlier of 5 business days from the Motion to Compel or October 21, 2011.

(d) New Counsel will be required to further inform the Court by October 28, 2011, after notice to opposing counsel of any continued failure to produce or concealment of evidence from the discovery propounded.

(e) Upon receipt of the full discovery, new counsel will be required to proceed with preparing the defenses for Cayman and Steele while also preparing to prosecute its case and claims against the Chen, fisher, Comfort and Ingram without delay.

(f) New Counsel will be provided a ninety(90) day enlargement of time from September 15, 2011 to file any amendment or supplement Cayman and Steele's Unilateral Pre-Trial Stipulation filed on September 13, 2011 and meet all further trial requirements.

8. Cayman and Mr. Steele appeared before this Court on September 9, 2011 as requested by the Court. As Cayman and Steele represented, they have been working diligently on engaging new counsel in this matter since August 26, 2011, after counsel of record filed Motions to Withdraw. These efforts have been severely hampered due to the hurricane and severe weather conditions, loss of power and most recently excessive flooding. This was further compounded due the holiday falling in between these dates.

9. Cayman and Steele as stated previously, do not object to allowing its existing counsel of record being relieved from this matter, especially now under the highly prejudicial, unusual circumstances, or in the alternative, as a result of what has

transpired, Cayman and Steele may with the permission of the Court without suffering a default, need to terminate these relationships due to the prejudicial circumstances. This would be subject to the Court granting the relief requested by Cayman/Steele herein to obtain new counsel.

10. Cayman nor Steele are not in default nor have either knowingly or intentionally ignored any order of the Court.

11. Cayman nor Steele should suffer a default of any kind due to the circumstances of the counsel of record filing a motion to withdraw just one week prior to trial. Cayman and Steele should not under equity be forced to trial without due process and the entitlement to have proper representation and evidence before this Court.

12. It is abundantly clear that Cayman and Steele cannot continue to work with existing counsel. There exists a valid dispute and/or potential conflict exits between the parties. Cayman and Steele do not believe at this point it would receive full and proper representation from either counsel after the comments made in open court on September 9, 2011 and then the remarks made subsequent by counsel of record after when the parties where leaving the Court. Subsequently, these relationships have further deteriorated. Going forward with counsel of record would be extremely prejudicial to Cayman and Steele.

13. This Motion is not brought for purposes of delay, but in the interest of justice and a fair trial for all parties, allowing the proper representation and the evidence to be put before this Court. Chen and Fisher et al will not be prejudiced as they are the Parties that should be held accountable for their deceit, misrepresentations, actions and delay, not unjustly rewarded based upon not producing the appropriate discovery and

evidence in their possession while attempting to gain an unfair trial and deny Cayman and Steele a fair trial and due process under the law. It is unfortunate that a delay in these proceedings needs to occur, however, it is imperative for all parties to have due process and a fair trial. Chen also delayed these proceedings previously and was allowed to engage counsel, although he certainly could have preceded Pro-Se. Further, had the discovery been provided as requested and propounded, evidence not concealed, then Chen, Fisher Comfort and Ingram may have a reason to be upset if they had clean hands, instead of obstructing production of evidence.

WHEREFORE, Cayman Arts and Steele respectfully requests for the reasons stated above that this Court immediately grant an emergency continuance of the scheduled trial; hold an emergency hearing/call on September 14, 2011 to allow Cayman and Steele to speak to the Court regarding the situation; allow Cayman and Steele to engage new counsel by; require Chen and Fisher et al to produce in full the document discovery propounded as requested herein; allow its Unilateral Pre-trial stipulation be amended if required within ninety(90) days from the date of this filing; and set trial for 120 days from September 15, 2011 as requested.

Respectfully Submitted on behalf of
Cayman Arts and Steele

Scott Steele
5700 Executive Drive
Baltimore, Maryland 21228
410) 719 2300

9