UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff/Counter-Defendant,

v.

CAYMAN ARTS, INC., a Florida corporation
and SCOTT R. STEELE, an individual,

    Defendant/Counter-Plaintiff,

v.

FISHER BLUE WATER GALLERIES, LLC, et al.,

    Third-Party Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT RELATING TO THE DIGITAL COPIES AND FILES OF PLAINTIFF'S WORKS

**THIS CAUSE** is before the Court upon Plaintiff Carey Chen's Motion to Enforce Settlement Agreement Relating to the Digital Copies and Files of Plaintiff's Works [DE 220] ("Motion").  The Court has considered the Motion and the record in this case, and is otherwise fully advised in the premises.

The Motion represents that Defendants Cayman Arts, Inc. and Scott R. Steele are in breach of Paragraph 1 of the parties' Settlement Agreement [DE 220-1] ("Settlement Agreement").  Paragraph 1 obligates Defendants "to return to Chen all digital copies and digital files in their possession containing the Licensed Products, Trade Marks and Works within thirty (30) days of the effective date of this Agreement."  See Agmt. ¶ 1.  The effective date of the Settlement Agreement was September 14,

2011, see id. at 6, so the deadline to return the digital copies and files to Mr. Chen was October 14, 2011.

Mr. Chen represents that "[d]espite repeated demands for compliance . . . , Defendants have failed to date to return the digital copies and files of Mr. Chen's works." Mot. at 2 ¶ 3. Mr. Chen therefore seeks "an Order enforcing the Settlement Agreement and directing Defendants to immediately comply with Paragraph 1 of the Settlement Agreement by returning to Chen all digital copies and digital files in their possession containing the Licensed Products, Trade Marks and Works within twenty-four (24) hours of the date of the Court's Order." Mot. at 2 ¶ 5. Mr. Chen also requests "an award of sanctions against Defendants in the form of his reasonable attorney's fees as a result of Defendants' conduct." Id.

On December 2, 2011, the Court entered an Order to Show Cause [DE 221] directing Defendants to show cause by December 9, 2011 why the Motion should not be granted. The Court stated, "Failure to respond by December 9, 2011 will result in the motion being granted." Id. at 2. No response has been filed.[1] Accordingly, it is hereby

---

[1] Though, on December 9, 2011 at 5:02 p.m., Mr. Steele emailed a document to the undersigned's email address entitled "Defendant/Counter-Plaintiff, Cayman Arts, Inc.'s and Scott Steele's Objection to Plaintiff-Counter Defendant's Motion to Show Cause and Request for an Extension of Time to File Answer, Engage New Counsel and to Request the Court to Further Stay Enforcement of the Alleged Settlement Agreement," such document was not filed on the docket for this case. Regardless, any request for an extension of time to respond would be denied. The emailed document represents that "Cayman and Steele are diligently finalizing engaging new counsel to further assist in these matters," but Mr. Steele has had more than enough time to engage new counsel. As always, Mr. Steele is free to have new counsel enter an appearance at any time, but the Court will not permit Mr. Steele to delay proceedings while he engages new counsel.

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Carey Chen's Motion to Enforce Settlement Agreement Relating to the Digital Copies and Files of Plaintiff's Works [DE 220] is **GRANTED**;

2. Defendants Scott R. Steele and Cayman Arts, Inc. shall comply with Paragraph 1 of the Settlement Agreement by immediately returning to Mr. Chen all digital copies and digital files in their possession containing the Licensed Products, Trade Marks, and Works;

3. Defendants Scott R. Steele and Cayman Arts, Inc. shall pay the reasonable attorney's fees incurred by Mr. Chen in litigating this Motion. Mr. Chen's counsel shall file an affidavit of the reasonable attorney's fees incurred in litigating this Motion on or before **December 19, 2011**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of December, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular CM/ECF mail