UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff/Counter-Defendant,

v.

CAYMAN ARTS, INC., a Florida corporation
and SCOTT R. STEELE, an individual,

    Defendant/Counter-Plaintiff,

v.

FISHER BLUE WATER GALLERIES, LLC, et al.,

    Third-Party Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE AND VACATE

**THIS CAUSE** is before the Court upon Defendant Scott R. Steele's "Motion to Strike and Vacate the Alleged Settlement Agreement and the Stipulation of Dismissal and to Further Stay Enforcement of the Alleged Settlement Agreement" [DE 227]. The Court has considered the Motion, Plaintiff Carey Chen's Response [DE 233], and the related filings, and is otherwise fully advised in the premises. Mr. Steele has not filed a Reply, and the time for doing so has passed.

### I. PROCEDURAL BACKGROUND

On February 12, 2010, Plaintiff Carey Chen filed this action. Complaint [DE 1]. He brought a variety of claims relating to his employment with Defendants Cayman Arts, Inc. ("Cayman Arts") and Cayman Arts' President and Chief Executive Officer, Scott R. Steele. See Amended Complaint [DE 22]. On August 30, 2010, Cayman Arts

filed a Counterclaim [DE 51 at 1-15] against Mr. Chen and a Third-Party Complaint [DE 51 at 16-27] against the Third-Party Defendants Fisher Blue Water Galleries, LLC, Monique Comfort, and Gray Ingram (collectively, "Third-Party Defendants").

On September 15, 2011, the day that trial was set to begin, the parties announced in open Court that they had settled this litigation.  See Status Report Order [DE 205].  Per the terms of the agreement and the representations made in open Court, Mr. Chen and Cayman Arts, through their counsel, were to file and serve paperwork dismissing the entire litigation with prejudice.  Id. at 1.  On September 28, 2011, the parties filed their Joint Stipulation for Dismissal with Prejudice [DE 208] and Motion for Order Approving Stipulation of Dismissal with Prejudice [DE 207].  The same day, the Court entered an Amended Order of Dismissal with Prejudice [DE 210], approving the Joint Stipulation for Dismissal and closing the case.

## II. MOTION TO STRIKE

On or about December 9, 2011, Mr. Steele, acting *pro se*, filed the instant "Motion to Strike and Vacate the Alleged Settlement Agreement and the Stipulation of Dismissal and to Further Stay Enforcement of the Alleged Settlement Agreement."  In his Motion, Mr. Steele argues that the Settlement Agreement is void and unenforceable because "Steele and Cayman were misled by Plaintiff/Counter Defendant's counsel that all parties had agreed to execute the alleged Settlement Agreement as represented and Steele was never informed that the Third-Party Defendants had not in fact executed the Settlement Agreement the next day prior to the scheduled hearing before the Court as agreed upon and a material inducement to Steele to consider and execute same."  Mot. at 4.  Additionally, Mr. Steele argues that, during discovery, Mr. Chen concealed

evidence that would have supported Cayman Arts' and/or Steele's defenses and claims. Id. at 5.[1] Therefore, pursuant to Federal Rule of Civil Procedure 60(b), Mr. Steele requests that the Court strike the parties' Settlement Agreement, vacate its Amended Order of Dismissal with Prejudice, stay any enforcement of the Settlement Agreement, hold an evidentiary hearing, and reset this case for trial. See Mot. at 2.

Rule 60(b) provides the following grounds for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Mr. Steele requests relief under parts (1), (2), (3), (4), and (6). See Mot. at 9.

In support of his Motion, Mr. Steele argues first, that the Court entered its Amended Order of Dismissal with Prejudice by mistake. Mot. at 10 ¶ 1. The Court assures Mr. Steele that the Order was not entered by mistake. Rather, as the Order

---

[1] Mr. Steele also complains about his counsel's allegedly inadequate representation. The Court provided Mr. Steele with more than enough time to engage new counsel in this matter, and ultimately permitted counsels' withdrawal. See Order Granting Motions to Withdraw [DE 228]. Mr. Steele now proceeds *pro se*.

itself states, the Court entered the Order after consideration of the applicable filings and the entire record in this case.  See Amended Order of Dismissal with Prejudice at 1.

Second, Mr. Steele argues that the Settlement Agreement is void and unenforceable because the Third-Party Defendants never signed the agreement.  Mot. at 10 ¶¶ 2, 5.  He also argues that Mr. Chen's counsel misrepresented that the Settlement Agreement was fully executed.  Id. at 10-11 ¶ 6.  Mr. Steele is mistaken, as evidenced by the fully executed Settlement Agreement, and the emails concerning the execution of the Settlement Agreement.  See Settlement Agreement [DE 233-1]; 9/14/2011 Email [DE 233-2]; 9/21/2011 Email [DE 233-3].  The Settlement Agreement shows that Mr. Chen and Mr. Steele signed the agreement on September 14, 2011, Third-Party Defendant Gray Ingram signed on September 17, 2011, and Third-Party Defendant Monique Comfort, on behalf of herself and Fisher Blue Water Galleries, LLC, signed on September 21, 2011.  See id. at 6-7.  Though not all parties signed the document the same day, the record shows that all parties had agreed to the Settlement Agreement by 10:59 p.m. on September 14, 2011.  See 9/14/2011 Email.  One week later, on September 21, 2011, the Third-Party Defendants' counsel emailed Mr. Chen's and Mr. Steele's counsel to inform them that he was in the process of obtaining the final signature that day or the next.  See 9/21/2011 Email.  Importantly, Mr. Steele suffered no harm or prejudice due to the one-week gap between signatures.  Further, the one-week gap did not constitute a breach of any material terms in the Settlement Agreement, and the parties complied with Paragraph 8 of the Settlement Agreement when they filed their Joint Stipulation for Dismissal with Prejudice [DE 208] and Motion for Order Approving Stipulation of Dismissal with Prejudice [DE 207] on September 28,

4

2011, within five business days of the final execution of the Settlement Agreement. See Settlement Agreement ¶ 8 (requiring the filing of dismissal paperwork within five business days of the execution of the Settlement Agreement).

Third, Mr. Steele contends that his counsel was not authorized to execute the Stipulation of Dismissal. Id. at 10 ¶ 3. As the Court fully explained at the hearing on September 15, 2011, as long as Mr. Steele and Cayman Arts remained represented by counsel, and due to the fact that Cayman Arts was a corporate entity and could not proceed *pro se*, counsel would have to execute the Stipulation of Dismissal. Further, Mr. Steele had already agreed to dismiss the entire litigation with prejudice within five days of the execution of the settlement agreement, see Settlement Agreement ¶ 8, so counsel was acting pursuant to Mr. Steele's own agreement.

Fourth, Mr. Steele argues that, during discovery, Mr. Chen concealed evidence that would have supported Cayman Arts' and/or Steele's defenses and claims. Mot. at 10 ¶ 4. Mr. Chen represents that he did not conceal any such evidence. See Resp. at 5. Mr. Chen further indicates that Mr. Steele was already in possession of certain evidence that he claims Mr. Chen withheld. Id. Additionally, as Mr. Chen notes, Mr. Steele had ample time to move to compel discovery before the discovery deadline on June 10, 2011, and he did not do so. See id. at 5-6.

Finally, Mr. Steele claims that he was denied due process because he was not represented by counsel of record. Id. at 11 ¶ 7. This claim is meritless. Mr. Steele was in fact represented by counsel of record up until December 9, 2011. See Order Granting Motions to Withdraw. Twice before then, the Court denied counsels' requests to withdraw, see Orders Denying Withdrawal [DE's 203, 193], ensuring that Mr. Steele

5

and Cayman Arts had counsel of record through the trial date, and then through the execution of the Settlement Agreement and the dismissal of the case. The Court only permitted withdrawal after the case was closed. See Order Granting Motions to Withdraw at 2. Further, Mr. Steele has been free to retain new counsel at any time, including after the case was closed, but he has not done so. Mr. Steele has not suffered any violation of his due process rights during the course of this litigation.

### III. CONCLUSION

Based on the foregoing, the Court finds that Mr. Steele has not demonstrated any basis under Rule 60(b) to strike the settlement agreement. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Scott R. Steele's "Motion to Strike and Vacate the Alleged Settlement Agreement and the Stipulation of Dismissal and to Further Stay Enforcement of the Alleged Settlement Agreement" [DE 227] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of January, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular CM/ECF mail