UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff/Counter-Defendant,

v.

CAYMAN ARTS, INC., a Florida corporation
and SCOTT R. STEELE, an individual,

    Defendant/Counter-Plaintiff,

v.

FISHER BLUE WATER GALLERIES, LLC, et al.,

    Third-Party Defendants.
_____/

## ORDER GRANTING MOTION FOR CIVIL CONTEMPT

**THIS CAUSE** is before the Court upon Plaintiff Carey Chen's Motion for Civil Contempt [DE 222]. The court has considered the Motion, Defendant Scott R. Steele's Response contained in his Motion for Reconsideration [DE 234], Plaintiff's Reply [DE 236], and the related filings, and is otherwise fully advised in the premises.

### I. PROCEDURAL BACKGROUND

On February 12, 2010, Plaintiff Carey Chen filed this action. Complaint [DE 1]. He brought a variety of claims relating to his employment with Defendants Cayman Arts, Inc. ("Cayman Arts") and Cayman Arts' President and Chief Executive Officer, Scott R. Steele. See Amended Complaint [DE 22]. On August 30, 2010, Cayman Arts filed a Counterclaim [DE 51 at 1-15] against Mr. Chen and a Third-Party Complaint [DE 51 at 16-27] against the Third-Party Defendants Fisher Blue Water Galleries, LLC,

Monique Comfort, and Gray Ingram (collectively, "Third-Party Defendants").

On September 15, 2011, the day that trial was set to begin, the parties announced in open Court that they had settled this litigation. See Status Report Order [DE 205]. Per the terms of the agreement and the representations made in open Court, Mr. Chen and Cayman Arts, through their counsel, were to file and serve paperwork dismissing the entire litigation with prejudice. Id. at 1. On September 28, 2011, the parties filed their Joint Stipulation for Dismissal with Prejudice [DE 208] and Motion for Order Approving Stipulation of Dismissal with Prejudice [DE 207]. The same day, the Court entered an Amended Order of Dismissal with Prejudice [DE 210], approving the Joint Stipulation for Dismissal and closing the case.

## II. MOTION FOR CIVIL CONTEMPT

On December 6, 2011, Plaintiff filed the instant Motion for Civil Contempt based on Defendants' failure to comply with the Court's Order Granting Plaintiff's Motion to Enforce Settlement Agreement [DE 216]. Specifically, the Court's Order enforced Paragraph 3 of the parties' Settlement Agreement and proclaimed:

> Defendants Scott Steele and Cayman Arts, Inc. shall immediately transfer registration and ownership of the www.careychen.com and www.careychen2.com domain names to Carey Chen and register Mr. Chen as the domain Registrant and Administrative, Technical and Billing Contact as follows:
> Carey Chen
> 82 Uno Lago Drive
> Juno, FL 33408
> United States
> marlinarts@aol.com
> 1-305-812-3045

Order Granting Plaintiff's Motion to Enforce Settlement Agreement at 4 (emphasis added).

2

Mr. Chen states that his counsel provided Mr. Steele with the information necessary to transfer the websites on November 28, 2011, and followed up with repeated requests to confirm the transfer.  Mot. at 1-2.  However, as of December 6, 2011, Defendants still had not completed the transfer.  Id. at 2; see also Whois Registration Information 12/6/2011 [DE 222-2] (showing SteeleSoft Inc. as the registrant of the domain names as of December 6, 2011).  As such, Mr. Chen's Motion "requests that the Court enter an Order of Contempt against Defendants, impose appropriate sanctions, including but not limited to a *per diem* civil fine, attorney's fees and costs, and such other relief as the Court deems necessary and proper."  Mot. at 4.

On or about December 23, 2011, in a Motion for Reconsideration, Mr. Steele represented, "Steele has or will have transferred by December 23, 2011 the web domains in question, so as not to be further improperly punished for Civil Contempt."  Mot. for Reconsid. at 5.  In his Reply, Mr. Chen confirmed that Mr. Steele did in fact transfer the registration and ownership of the websites to Mr. Chen on December 23, 2011.  Reply at 2; see also Whois Registration Information 1/6/2012 [DE 236-1] (showing Carey Chen as the registrant of the domain names as of the last update on December 23, 2011).  Any request to impose sanctions in an effort to induce compliance with the Court's Order is therefore moot, as Defendants have now transferred the websites to Mr. Chen.

Nevertheless, Mr. Chen represents that he has been harmed by Mr. Steele's unexplained and seemingly willful delay in complying with the Court's Order because Mr. Chen "was deprived of the use of and access to his websites for thirty-one (31) days (*i.e.*, November 21, to December 22, 201[1]) following the entry of the Court's

Order, which had a serious, adverse impact on Mr. Chen's ability to promote his name and art and to generate sales and revenue through his websites bearing his trademarked name." Mot. at 3. Mr. Chen further notes that during this 31-day period of time, "Defendants continued to utilize Mr. Chen's websites to post a message in which Defendants represented to the public that 'Cayman Arts, Inc., is however, in the process of liquidating the existing inventory and has numerous original works of art, giclee and other prints at discounted pricing.'" Id.; see also Website Excerpt [DE 236-2]. Such a representation was false and improper, as Defendants had previously agreed in the parties' Settlement Agreement to terminate and relinquish all rights to Mr. Chen's works. Defendants were not authorized to use the websites to promote the sale of their existing inventory or to offer such inventory at discounted rates.

"The district court may impose sanctions in a civil contempt proceeding for 'either or both' of two reasons: (1) to coerce the defendant into compliance with the court's order, and (2) to compensate the complainant for losses sustained." Flagler v. Hous. Auth. of City of Sanford, Fla., No. 6:90-cv-878-Orl-19, 2008 WL 785937 (M.D. Fla. March 20, 2008) (citing Local 28, Sheet Metal Workers' Int'l Ass'n v. EEOC, 478 U.S. 421, 443 (1986) and Tom James Co. v. Morgan, 141 Fed. App'x 894, 900 (11th Cir. 2005)). Though Defendants have already transferred the websites to Mr. Chen, their failure to do so "immediately," as the Court ordered, resulted in Mr. Chen suffering losses. Therefore, the Court finds it appropriate to require Defendants to compensate Mr. Chen for the losses sustained. In his Reply, Mr. Chen suggests that an amount of $1,000 per day for each day that Defendants remained in violation of the Court's Order, along with reasonable attorney's fees and costs in seeking compliance, is appropriate. See Reply at 4. The Court agrees.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Carey Chen's Motion for Civil Contempt [DE 222] is **GRANTED**;

2. Defendants Scott R. Steele and Cayman Arts, Inc. shall pay Mr. Chen a sum of $31,000, consisting of $1,000 per day for each day that they remained in violation of the Order Granting Plaintiff's Motion to Enforce Settlement Agreement [DE 216];

3. Defendants Scott R. Steele and Cayman Arts, Inc. shall pay the reasonable attorney's fees incurred by Mr. Chen in litigating this Motion for Civil Contempt [DE 222]. Mr. Chen's counsel shall file an affidavit of the reasonable attorney's fees incurred in litigating this Motion on or before **January 24, 2012**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of January, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular CM/ECF mail