UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80236-CIV-COHN/SELTZER

CAREY CHEN,

    Plaintiff,

v.

CAYMAN ARTS, INC., a Florida corporation,
and SCOTT R. STEELE, an individual

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the following motions: Plaintiff Carey Chen's First Motion for Criminal Contempt [DE 257]; Plaintiff's Second Motion for Criminal Contempt [DE 259]; Defendants Cayman Arts, Inc. and Scott R. Steele's Amended Motion for Reconsideration of the Civil Contempt Orders [DE 266] ("Rule 60(b) Motion"); and Plaintiff's Second Motion for Civil Contempt Relating to Mr. Chen's Websites and Digital Files [DE 271] ("Second Motion for Civil Contempt").  The Court has considered all of the motions, responses, and replies, as well as the evidence presented at the August 17, 2012 evidentiary hearing, the record in this case, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Carey Chen, a marine artist, filed this action on February 12, 2010.  See Complaint [DE 1].  He brought a variety of claims relating to his employment with Defendant Cayman Arts, Inc. ("Cayman Arts") and Cayman Arts' President and Chief

Executive Officer, Defendant Scott R. Steele.  See Amended Complaint [DE 22].  On September 15, 2011, the day that trial was set to begin, the parties announced in open Court that they had settled this litigation.  See Status Report Order [DE 205].  Thereafter, on September 28, 2011, the Court approved the settlement and closed the case.  See Amended Order of Dismissal with Prejudice [DE 210].

Among other terms, the Settlement Agreement required Defendants to transfer two websites to Plaintiff and to turn over to Plaintiff all digital files in Defendants' possession containing any licensed products, trade marks, and works.  See Settlement Agreement [DE 220-1] ¶¶ 1, 3.  Both tasks were to be completed within 30 days of the effective date of the agreement.  See id. ¶¶ 1, 3, id. at 6.

When Defendants failed to transfer the websites and turn over the digital files, Plaintiff filed motions to enforce these provisions of the settlement agreement [DE's 212, 220] on November 8, 2011 and December 2, 2011.  The Court granted the motions to enforce on November 21, 2011 and December 12, 2011.  See Order Granting Plaintiff's Motion to Enforce Settlement Agreement [DE 216] ("Order Granting First Motion to Enforce"); Order Granting Motion to Enforce Settlement Agreement Relating to the Digital Copies and Files of Plaintiff's Works [DE 230] ("Order Granting Second Motion to Enforce").

When Defendants still failed to comply, Plaintiff filed his motions for civil contempt [DE's 222, 243].  Without receiving any evidence to controvert Plaintiff's arguments, representations, and evidence, the Court granted both motions for civil contempt.  See Order Granting Motion for Civil Contempt [DE 238] ("First Civil Contempt Order"); Order Granting Motion for Civil Contempt [DE 249] ("Second Civil

Contempt Order").

In the First Civil Contempt Order, entered on January 11, 2012, the Court directed Defendants to pay Plaintiff a sum of $31,000 consisting of $1,000 per day for each day that Defendants remained in violation of the Order Granting First Motion to Enforce.[1] See First Civil Contempt Order at 5. In the Second Civil Contempt Order, entered on March 20, 2012, the Court ordered Defendants to pay $1,000 per day for each day that they remained in violation of the Order Granting Second Motion to Enforce, from December 13, 2011 and until the date they finally complied. See Second Civil Contempt Order at 6. To date, Defendants have not complied with either Civil Contempt Order.

## II. DISCUSSION

Plaintiff filed his First Motion for Criminal Contempt [DE 257] relating to the website on May 23, 2012. He filed his Second Motion for Criminal Contempt [DE 259] relating to the digital files on June 7, 2012. Thereafter, Defendants filed their Amended Motion for Relief from Orders Granting Motions for Civil Contempt [DE 266] ("Rule 60(b) Motion") on June 26, 2012. Finally, Plaintiff filed his Second Motion for Civil Contempt Relating to Mr. Chen's Websites and Digital Files [DE 271] "Second Motion for Civil Contempt" on July 30, 2012. The Court set the August 17, 2012 evidentiary hearing to address all pending motions.

---

[1] By the time the Court granted the motion for civil contempt relating to the websites, Mr. Steele had finally transferred the websites to Plaintiff, but the transfer did not occur until 31 days after the Order enforcing that provision of the Settlement Agreement. See First Civil Contempt Order.

3

### A. Rule 60(b) Motion

In their Rule 60(b) Motion, Defendants seek relief from the First Civil Contempt Order and the Second Civil Contempt Order. Specifically, as to the First Civil Contempt Order, Defendants ask the Court to vacate the Order to the extent that it awarded Plaintiff $31,000, and reassess this value based on evidence presented at the evidentiary hearing. As to the Second Civil Contempt Order, Defendants ask the Court to vacate the Order in its entirety. As an alternative regarding the Second Civil Contempt Order, Defendants suggest that the Court consider requiring Defendants to pay Plaintiff a reasonable amount for the value of his digital works.

### 1. Legal Standard

Federal Rule of Civil Procedure 60(b) provides the following list of reasons justifying reconsideration:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Motions under Rule 60(b) are directed to the discretion of the trial court. The

4

rule is equitable in origin, and the court may take action appropriate to accomplish justice." Jackson v. People's Republic of China, 794 F.2d 1490, 1494 (11th Cir. 1986) (citing Klaprott v. United States, 335 U.S. 601, 614-15 (1949)). Nonetheless, "[t]he provisions of the rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'" Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73 (5th Cir.) (1970), cert. denied, 399 U.S. 927 (1970)) (emphasis in original)). Moreover, "[a] motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (quoting Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)); see also Mack v. City of High Springs, No. 12-10728, 2012 WL 3124565 (11th Cir. Aug. 1, 2012) (finding district court did not abuse its discretion in denying a motion for reconsideration where the movant raised the same arguments he made before the entry of judgment).

### 2. Analysis

Defendants seek relief under Rule 60(b)(1) for Mr. Steele's "excusable neglect" due to his *pro se* status throughout post-settlement proceedings and his failure to retain counsel earlier, under Rule 60(b)(3) for Plaintiff's alleged misrepresentations and fraud, or under Rule 60(b)(6) for any other reason that justifies relief. The Court is not persuaded that Defendants are entitled to relief for any of these reasons.

a. Rule 60(b)(1)

First, Rule 60(b)(1) permits relief for mistake or excusable neglect, but the Court finds no mistake or excusable neglect based on Mr. Steele's previous *pro se* status or his failure to retain counsel in a timely fashion.  Mr. Steele had every opportunity to retain counsel to represent him throughout this litigation both before settlement and after settlement.[2]  Mr. Steele's own decision to proceed *pro se* does not entitle him to ignore the Court's Orders or his own promises under the Settlement Agreement.  Indeed, in their Rule 60(b) Motion, Defendants state that they "take responsibility for their actions in this matter and recognize that they are in part the author of their own misfortune," Rule 60(b) Motion at 12, and "understand that they find themselves in this current predicament because of their failure to retain new counsel in a timely fashion," id.  "Although pro se pleadings are to be construed liberally, 'procedural rules in ordinary civil litigation' should not be interpreted 'so as to excuse mistakes by those who proceed without counsel.'"  Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913 (11th Cir. 2010) (quoting McNeil v. United States, 508 U.S. 106, 113 (1993)), cert. denied, 131 S. Ct. 200 (U.S. 2010).  Mr. Steele's *pro se* status does not excuse his failure to submit proper declarations, affidavits, or other evidence in response to Plaintiff's Motions to Enforce or Motions for Civil Contempt.  Therefore, as there has been no mistake or excusable neglect, the Court declines to grant relief under Rule 60(b)(1).

---

[2]   As Plaintiff highlights, once Plaintiff filed his First Motion for Criminal Contempt, Mr. Steele retained competent counsel in no less than twelve days.  See Defendants' Response to Motions for Criminal Contempt [DE 265] (stating counsel was retained on June 4, 2012); see First Motion for Criminal Contempt (filed May 23, 2012).

b. Rule 60(b)(3)

Second, Rule 60(b)(3) permits relief for fraud, misrepresentation, or misconduct by an opposing party. To obtain relief from an order pursuant to Rule 60(b)(3), "the movant must 'prove[ ] by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct.'" Cox Nuclear Pharm., Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007) (citing Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000)). Additionally, "the moving party must [ ] show that the conduct prevented the losing party from fully and fairly presenting his case or defense." Id. (quoting Frederick, 205 F.3d at 1287); see also Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1310 (11th Cir. 2003) (finding district court properly exercised its discretion in denying Rule 60(b) motion where "[i]t was Plaintiffs' tactical decisions, not fraud by Defendants, that prevented Plaintiffs from fully presenting their case."). Based on the affidavits and declarations on file, as well as Plaintiff's testimony at the evidentiary hearing, the Court finds no fraud, misrepresentation, or misconduct justifying relief under Rule 60(b)(3). Plaintiff provided the Court with the information that he believed to be true and accurate to the best of his knowledge at the time he filed both Motions for Civil Contempt as well as his accompanying declaration. Although there appears to have been a misunderstanding as to the specific location of the digital files on or about the time when Ms. Zelones handed the files to Glenn Steele, Plaintiff clarified the misunderstanding through his testimony and through Ms. Zelones's testimony at the evidentiary hearing. There is no evidence that Plaintiff defrauded the Court or intentionally presented any misleading evidence. Moreover, nothing that Plaintiff presented to the Court during the pendency

7

of the Motions to Enforce or the Motions for Civil Contempt prevented Defendants from fully and fairly presenting their version of the facts. As such, Defendants have not demonstrated any basis for relief under Rule 60(b)(3).

### c. Rule 60(b)(6)

Third, Rule 60(b)(6) permits relief for any other reason that justifies relief, but the Court finds no such reason here. "Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988). The Supreme Court cautions that Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" Id. (quoting Ackermann v. United States, 340 U.S. 193 (1950)). Defendants have not demonstrated any such "extraordinary circumstances" here.

As to the First Civil Contempt Order regarding the websites, Defendants concede that they delayed in transferring the websites to Plaintiff, and they agree that Plaintiff suffered damages as a result, see Rule 60(b) Motion at 7, but they contend that the $1,000 per day loss calculation was excessive and not based on sufficient evidence. In their Rule 60(b) Motion and at the evidentiary hearing, Defendants presented evidence purporting to show the dollar value of the website and suggesting that Plaintiff's loss could have amounted to no more than one month of his salary, but none of Defendants' evidence or arguments are newly discovered or were otherwise unavailable while the Motions to Enforce and Motions for Civil Contempt were pending. In short, the time for presenting evidence as to Plaintiff's losses has long passed. The Court entered the

First Civil Contempt Order based on the uncontroverted evidence and information before the Court at the time of the ruling.  Rule 60(b) is not meant for a party like Mr. Steele to neglect to submit evidence during the pendency of a motion only to return to the Court later, at his own convenience, to present evidence that he could have submitted months ago.  See Richardson, 598 F.3d at 740.  Therefore, the Court will deny relief under Rule 60(b)(6) with respect to the First Civil Contempt Order.

As to the Second Civil Contempt Order regarding the digital files, again the Court will not reconsider its ruling based on arguments or evidence that could have been presented prior to the entry of the Order.  See Richardson, 598 F.3d at 740.  Defendants urge the Court to vacate the Second Civil Contempt Order regardless of their failure to submit evidence in opposition to Plaintiff's motion months ago because, they claim, Defendants "never had any of the alleged digital files and therefore should not be penalized for failing to return what they do not have."  Rule 60(b) Motion at 13.  At the evidentiary hearing, Mr. Steele testified that he does not have the digital files, he has not had the digital files, and he was unaware of the existence of the digital files.  His brother, Glenn Steele, also testified that he does not have the files and he knows nothing about the digital files.  However, Cayman Arts' former Operations Manager, Michelle Zelones, testified in direct contradiction to the Steeles.  Ms. Zelones stated that she had conversations with Mr. Steele about the digital files and that Mr. Steele was undoubtedly aware of the digital files and their location in a cd folder at the Cayman Arts gallery.  *Ms. Zelones further testified that when Cayman Arts closed its business, Mr. Steele directed her to give the digital files to his brother, Glenn Steele, and Glenn would bring the files to Mr. Steele.  Ms. Zelones stated that she personally*

9

*handed the files to Glenn Steele, and when doing so, she informed Glenn Steele of the importance of the files and of the importance of getting them to Mr. Steele.* At the hearing, the Court found Ms. Zelones to be the more credible witness. Ms. Zelones has no bias in this matter, and her testimony was honest and truthful. As such, the Court finds that the digital files exist, that Mr. Steele was aware of the files' existence, and that Ms. Zelones handed the files to Glenn Steele on or about June 30, 2010. Therefore, the Court will deny Defendants' request to vacate the Second Civil Contempt Order pursuant to Rule 60(b)(6).

d. Defendants' Alternative Request

In their Rule 60(b) Motion, Defendants suggest, "In the alternative, and in fairness to Mr. Chen, this Court should consider requiring Cayman Arts to pay Mr. Chen a reasonable amount for the value of his lost digital works." Rule 60(b) Motion at 10. In making this request, Defendants state that they "take responsibility for the mistakes they made in promising to return digital files without checking to see if they had them or if they even existed." Id.

In light of the evidence received at the hearing, and the fact that, despite the Court's Orders, Defendants have yet to comply with their obligation to turn over the digital files to Plaintiff, the Court finds it equitable to grant Defendants' alternative request and direct them to compensate Plaintiff a reasonable amount for the value of the lost digital files. At the hearing, Plaintiff's unrebutted testimony was that the digital files contained approximately 1000 images, and that each image was worth $1,000 to $1,500. Thus, the total value of the missing digital files is $1,000,000 to $1,500,000. Accordingly, the Court will direct Defendants to pay Plaintiff a sum of $1,000,000 to

compensate Plaintiff for the reasonable value of the digital files.

Additionally, in lieu of allowing the $1,000 per day fine to continue accruing, the Court, in its discretion, will terminate the fine from accruing as of the date of the evidentiary hearing, August 17, 2012. Instead, the Court will direct Defendants to pay Plaintiff a sum of $248,000, consisting of $1,000 per day for each day that Defendants remained in violation of the December 12, 2011 Order Granting Plaintiff's Motion to Enforce Settlement Agreement [DE 230], from December 13, 2011 through August 17, 2012.

### B. Motions for Additional Contempt Sanctions

In his Motions for Criminal Contempt, Plaintiff asks the Court "to issue an Order directing Defendants . . . to show cause as to why they should not be held in criminal contempt as a consequence of their willful failure and refusal to comply" with the First Civil Contempt Order and Second Civil Contempt Order. See First Motion for Criminal Contempt at 1; Second Motion for Criminal Contempt at 1. In his Second Motion for Civil Contempt, Plaintiff invites the Court, should it deny the relief sought in the Motions for Criminal Contempt, to impose additional civil contempt sanctions including additional monetary fines and, if necessary, incarceration. See Second Motion for Civil Contempt at 5.

"[A] contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827-28 (1994). "Imprisonment may be had for a civil contempt where the defendant has refused to do an affirmative act required by the provisions of a

mandatory order, but if the imprisonment is for an act already accomplished, it would be punitive in its nature and a criminal contempt." Walling v. Crane, 158 F.2d 80, 83 (5th Cir. 1946).

At this time, the Court will not impose criminal sanctions or additional civil sanctions, but rather give the Defendants an opportunity to satisfy the financial obligations imposed herein.  However, should Defendants fail to comply with this Order, the Court will not hesitate to reconsider the imposition of additional contempt sanctions, including additional monetary fines and, if necessary, incarceration.  Accordingly, the Court will deny without prejudice Plaintiff's Motions for Criminal Contempt and Second Motion for Civil Contempt.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Amended Motion for Reconsideration of the Civil Contempt Orders [DE 266] is **GRANTED in part and DENIED in part** as follows:

   a. The Motion [DE 266] is **DENIED** as to the First Order Granting Motion for Civil Contempt [DE 238].

   b. The Motion [DE 266] is **GRANTED in part** as to the Second Order Granting Motion for Civil Contempt [DE 249].  The Second Order Granting Motion for Civil Contempt [DE 249] is **MODIFIED** as follows:

      i.      Defendants shall pay Plaintiff a sum of $248,000, consisting of $1,000 per day for each day that Defendants remained in violation of the December 12, 2011 Order Granting Plaintiff's Motion to Enforce Settlement Agreement [DE 230], from December 13, 2011 through August 17, 2012. The $1,000 fine shall no longer accrue as of August 17, 2012.

      ii.     Additionally, Defendants shall pay Plaintiff a sum of $1,000,000 for the value of the digital files.[3]

2. Plaintiff's First Motion for Criminal Contempt [DE 257] is **DENIED without prejudice**;

3. Plaintiff's Second Motion for Criminal Contempt [DE 259] is **DENIED without prejudice**;

4. Plaintiff's Second Motion for Civil Contempt Relating to Mr. Chen's Websites and Digital Files [DE 271] is **DENIED without prejudice**.[4]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of August, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[3] If Defendants produce all digital files within thirty (30) days of this Order, the Court will reconsider the $1,000,000 award for the value of the digital files.

[4] Plaintiff is granted leave to commence discovery in aid of enforcement of this Order.

13